IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | | |
|---|---|---|
| JAMIE KAUFMANN WOODS, | ) | |
| et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | Case No.:  1:03CV00105 CAS |
| | ) | |
| BOB WILLS, et al. | ) | **JURY TRIAL DEMANDED** |
| | ) | |
| Defendants. | ) | |

## <u>DEFENDANTS' ANSWER TO PLAINTIFFS' COMPLAINT<br>AND COUNTERCLAIM</u>

COME NOW Defendants, Bob Wills, Betty Sue Wills, Sam Gerhardt, Deborah Gerhardt, Julie Gerhardt, Sharon Goodman and Andrea Hill, and for their answer, motions and Affirmative Defenses to Plaintiffs' Complaint, and state and aver as follows:

1.      Defendants makes no answer to Paragraph 1 for the reason that the same constitutes a mere statement of legal conclusion and move the Court to strike the same: Defendants to the extent this action purports to be the claim under the ADA, move to dismiss the same for the reason that the Plaintiffs' Complaint wholly fails to state all necessary conditions precedent to the institution and maintenance of said action including the whole and total failure to plead a "right to sue letter" by the EEOC or any complaint with the EEOC, and the existence of any statute relevant to application of the act.

2.      Defendants are without sufficient knowledge to form a belief as to the truth or falsity of the allegations of Paragraph 2, and therefore, deny same demand strict proof thereof.

3.      Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations as to the identity of citizenship between the Plaintiffs and

Defendants. Defendants admit that Bob Wills and Betty Sue Wills are residents and citizens of Florida and that Sam Gerhardt, Deborah Gerhardt, Julie Gerhardt, Sharon Goodman and Andrea Hill are residents and citizens of Missouri.

4.       Defendants deny the allegations of Paragraphs 4 and 5.

5.       Defendants deny the allegations of Paragraph 6.

6.       Defendants deny the allegations of Paragraph 7.

7.       Defendants admit that Mountain Park Baptist Church, which operates the Mountain Park Baptist Boarding Academy as its mission, has not applied to Wayne County, Missouri for a charitable exemption for that portion of the property utilized by Mountain Park Baptist Church for its mission, that Mountain Park Baptist Boarding Academy.  Defendants deny all remaining allegations in Paragraph 8.

8.        Defendants deny the allegations of Paragraph 9 of Plaintiffs' Complaint.

9.       Defendants deny the allegations contained in Paragraph 10 and move this Court to strike these allegations as scandalous on its face and a mere "sound bite" for the purpose of obtaining headlines in newspapers and websites.

10.       Defendants deny the allegations in Paragraph 11 of Plaintiffs' Complaint.

11.       Defendants deny the remaining allegations in Paragraph 12 of Plaintiffs' Complaint.

12.       Defendants deny the allegations of Paragraph 13.

13.       Defendants deny the allegations of Paragraph 14.

14.       Defendants deny the allegations of Paragraph 15.

15.       Defendants deny the allegations of Paragraph 16 and 17.

16.     Defendants admit that, as a condition of admission the parents sign a contract and agreement between Mountain Park Baptist Boarding Academy and which contract speaks for itself. Defendants deny that there are any threats: Defendants deny that the students are in anyway impeded in their conversations with their parents and deny that the children are punished, and Defendants deny all remaining allegations in Paragraph 18.

17.     With respect to the allegations of Paragraph 19, Defendants admit Mountain Park Baptist Boarding Academy, in accordance with its responsibilities as in loco parentis does keep the students from leaving the facility, but deny the remaining allegations of Paragraph 19 and move the Court to strike the second and third sentences as irrelevant, immaterial to any subject matter in this case.

18.     Defendants deny the allegations of Paragraph 20.

19.     Defendants admit that Mountain Park Baptist Boarding Academy is not a medical facility and does not follow a medical model in its approach to troubled students and will not accept troubled students who require mood altering or behavior altering medication.  Defendants deny all remaining allegations contained in Paragraph 21 of Plaintiffs' Complaint.

20.     Defendants deny the allegations of Paragraphs 22 and 23.

21.     Defendants are without sufficient knowledge or information form a belief as to the truth or falsity of the allegations contained in Paragraphs 24, 25 and 26 and, therefore, deny the same and demand strict proof thereof.

22.     Defendants deny the allegations of Paragraph 27.

23.     Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in Paragraphs 28 and 29 and, therefore, deny the same and demand strict proof thereof.

24.      Defendants deny the allegations in Paragraph 30.

25.      Defendants deny the allegations in Paragraph 31.

26.      Defendants deny the allegations in Paragraphs 32, 33, 34, 35, 36, 37, 39, 39, 40, 41, 42, 43, 44, 45, 46, 47, 48, 49, 50, 51, 52, 54 and 55 of Plaintiffs' Complaint.

27.      Defendants admit that officers of Mountain Park receive and exercise powers of attorneys from the parents of its students, but deny the remaining allegations in Paragraph 53 of Plaintiffs' Complaint.

28.      Defendants admit that Mountain Park Baptist Boarding Academy uses "orientation guides" who do not receive monetary compensation, but Defendants deny the remaining allegations in Paragraph 56 of Plaintiffs' Complaint.

29.      Defendants admit that orientation guides function to care for new students and help new students adjust to the routine and discipline of Mountain Park, but deny any invasions of privacy, and deny the remaining allegations contained in Paragraph 57 of Plaintiffs' Complaint.

30.      Defendants admit that the orientation guide is required to be close to the assigned student 24 hours per day, seven days per week, but deny the remaining allegation of Paragraph 58.

31.      Defendants deny the allegations in Paragraphs 59, 60, 61, 62 and 63.

32.      Defendants admit that Mountain Park Baptist Boarding Academy does, from time to time, have students perform chores on its campus.  Defendants deny the remaining allegations contained in Paragraph 64 of Plaintiffs' Complaint.

33.      Defendants deny the allegations in Paragraph 65.

34.     Defendants deny that Fair Labor Standards Act applies to the operation of Mountain Park and deny all remaining allegations contained in Paragraph 66 of Plaintiffs' Complaint.

35.     Defendants deny the allegations of Paragraphs 67, 68, 69 & 70.

36.     Defendants do not need to answer Paragraph 71 of Plaintiffs' Complaint as it contains a request for trial by jury.

## PART I - COUNT I - JAMIE KAUFMANN WOODS

37.     Defendant restate and incorporate by reference their response to Paragraphs 1 through 71 as if fully stated herein, and Defendants admit the allegations in Paragraph 73.

38.     Defendants deny the allegations of Paragraph 74, and affirmatively aver that the Plaintiff, Kaufmann-Woods, by her parents provided a medical history of 1987 tubes in ear: the parents further stated that Jamie has fluctuating hearing and stated that: "she can ignore you for attention".

39.     Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations set forth in Paragraph 75 and deny same and demand strict proof thereof.

40.      Upon information from Kaufmann-Woods' parents, Defendants deny the allegations of Paragraph 76, 77, 78, 79, 80, 81, 82, 83, 84 and 85.

41.     That, on information and belief Defendants are unaware that Plaintiff needed or would require any medical attention that she did not seek.

42.     Defendants deny the allegations of Paragraph 86, 87, 88 & 89.

WHEREFORE having fully answered Part I – Count I, Defendants pray that Part I – Count I be dismissed with prejudice, that costs be assessed against Plaintiffs and for all other just and appropriate relief.

## PART I – COUNT II

COME NOW Defendants and for their answer to Part I – Count II state:

43.     Defendants restate and incorporate herein by reference each and every response to the allegations contained in paragraphs 1 through 45 of Plaintiffs' Complaint.

44.     Defendants deny the allegations of Paragraphs 91.

45.     Defendants deny the allegations of Paragraphs 92.,93, 94, 95, 96, 97, 98, 99, 100, 101, 102, 103, 104, 105, 106, 107, 108, 110 and 111, except that Defendants admit that by agreement, non-emergency contact with parents is prohibited for a time.

46.     Defendants admit that Mountain Park receives a medical escrow deposit for each student upon enrollment, but deny the remaining allegations in Paragraph 109.

47.     Defendants deny that, other than required over the counter medication, Defendants provided any medical care as Defendants are not medically trained professionals and, upon information and belief, Kaufmann never required medical care.

48.     Defendants deny the allegations of Paragraphs 112 and 113.

WHEREFORE having fully answered Part I – Count II, Defendants pray that Part I – Count II be dismissed with prejudice, that costs be assessed against Plaintiffs and for all other just and appropriate relief.

## PART I – COUNT III

COME NOW Defendants and for their answer Part I - Count III state:

49.     Defendants restate and incorporate herein by reference each and every response to the allegations contained in Paragraphs 1 through 113 of Plaintiffs' Complaint.

50.     Defendants admit that the Plaintiff was born July 22, 1983, but deny the remaining allegations in Paragraph 115.

51.     Defendants deny the allegations in Paragraph 116.

52.     Defendants admit that the Plaintiffs' parents were provided with a "Parent/Student Handbook" and have no knowledge or information as to whether or not the Plaintiff ever saw said handbook, although one was issued and available for her.  Defendants deny the remaining allegations in Paragraph 117.

53.     Defendants deny the allegations of Paragraphs 118, 119, 120, 121, 122, 123, 124, 125, 126, 127, 128, 129, 130, 131, 132, 133, 134, 135, 136, 137 and 138 of Plaintiffs' Complaint.

WHEREFORE having fully answered Part I – Count III, Defendants pray that Part I – Count III be dismissed with prejudice, that costs be assessed against Plaintiffs and for all other just and appropriate relief.

## PART I – COUNT IV

COME NOW Defendants and for their answer to Part I, Count IV state:

54.     Defendants restate and incorporate herein by reference each and every response to the allegations contained in Paragraphs 1 through 138 of Plaintiffs' Complaint.

55.     Defendants admit that from time to time as a part of Mountain Park's educational program, students, including Kaufmann Woods, performed chores for which they did not receive monetary compensation.  Defendants deny all remaining allegations in Paragraph 140.

56.     Defendants demy the allegations of Paragraphs 141 and 142.

WHEREFORE, having answered Part I – Count IV of Plaintiffs' Complaint, Defendants pray that Part I-Count IV be dismissed with prejudice, that costs be assessed against Plaintiffs and for all other just and appropriate relief.

### PART II – COUNT I – SHARI LUEKEN

COME NOW Defendants and for their answer to Part II, Count I state:

57.     Defendants restate and incorporate herein by reference each and every response to the allegations contained in Paragraphs 1 through 142 of Plaintiffs' Complaint.

58.     Defendants deny the allegations in Paragraph 144.

59.     Defendants deny the allegations of Paragraphs 145 and 146.

60.     Defendants deny the allegations in Paragraph 147 and state that Plaintiff was at Mountain Park either by her own free will or under said authority of her parents. Defendants admit that the parents were provided a handbook and are without sufficient knowledge or information to form a belief as to whether or not said Lueken was shown or allowed to read the handbook by affirmatively aver that that handbook was at all times relevant hereto was available to her to read.

61.     Defendants deny the allegations of Paragraphs 148, 149 and 150.

62.     Defendants admit that Plaintiffs letters were read, but deny that remaining allegations in Paragraph 151.

63.     Defendants deny the allegations of Paragraphs 152, 153 and 154.

WHEREFORE having fully answered Part II – Count I, Defendants pray that Part II – Count I be dismissed with prejudice, that costs be assessed against Plaintiffs and for all other just and appropriate relief.

### PART II – COUNT II

COME NOW Defendants and for their answer to Part II - Count II state:

64.     Defendants deny the allegations of Paragraphs 155, 156, 157 and 158.

65.     Defendants admit that Shari Lueken required prescription glasses, but Defendants deny the remaining allegations of Paragraph 159.

66.     Defendants deny the allegations of Paragraphs 160.

67.     Defendants deny the allegations of Paragraph 161 which accuse them of any negligence acts and deny that the existence of the "circumstances" which are alleged by the Plaintiffs to exist.

WHEREFORE having fully answered Part II – Count II, Defendants pray that Part II – Count II be dismissed with prejudice, that costs be assessed against Plaintiffs and for all other just and appropriate relief.

## PART II – COUNT III

COME NOW Defendants, and for their answer to Part II – Count III state:

68.     Defendants restate and incorporate herein by reference each and every response to the allegations contained in Paragraphs 1 through 161 of Plaintiffs' Complaint.

69.     Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity to the allegation in Paragraph 162, and therefore deny same and demand strict proof thereof.

70.     Defendants admit that if Plaintiff was sent any gift and that gift fell outside of the contract between Defendants and the Lueken parents, and if said gift was a gift prohibited under the Parent/Student Handbook that said gi0ft would have been returned as a gift in violation of the rules and terms of the agreement between Mountain Park Baptist Boarding Academy and Plaintiff's Shari Lueken's parents. Defendants deny the remaining allegations of Paragraph 163.

9

71.     Defendants deny that Defendants, or each of them, received a piccolo or other musical instrument and deny the remaining allegations of Paragraph 164.

WHEREFORE having fully answered Part II – Count III, Defendants pray that Part II – Count III be dismissed with prejudice, that costs be assessed against Plaintiffs and for all other just and appropriate relief.

## PART II – COUNT IV

COME NOW Defendants and for their answer to for their Answer to Part II – Count IV, state:

72.     Defendants restate incorporate by reference their answers to Paragraphs 1 through 164 of Plaintiffs' Complaint and their affirmative defenses as if fully set forth herein.

73.     Defendants admit that from time to time as a part of Mountain Park's educational program, Plaintiffs performed chores for which they did not receive monetary compensation. Defendants deny the remaining allegations of Paragraphs 166.

74.     Defendants deny the allegations contained in Paragraphs 167 and 168 of Plaintiffs' Complaint.

WHEREFORE having fully answered Part II – Count IV, Defendants pray that Part II – Count IV be dismissed with prejudice, that costs be assessed against Plaintiffs and for all other just and appropriate relief.

## PART III – COUNT I

COME NOW Defendants and for their answer to Part III – Count I state:

75.     Defendants restate and incorporate herein by reference each and every response to the allegations contained in Paragraphs 1 through 168 of Plaintiffs' Complaint.

76.     For their answer to Paragraph 170, Defendants admit that Ralph Lueken and Marilyn Lueken represented themselves to Mountain Park Baptist Boarding Academy as the parents of Shari Lueken.  As to the remaining allegations, Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained therein, and demand strict proof thereof.

77.     Defendants admit the allegations of Paragraph 171.

78.     Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in Paragraph 172 and therefore deny the same and demand strict proof thereof.

79.     Defendants deny the allegations of Paragraph 173 and affirmatively aver that the Plaintiffs Ralph and Marilyn Lueken concealed and withheld this information from Mountain Park Baptist Boarding Academy on Shari Lueken's medical history and enrollment application.

80.     Defendants admit that Mountain Park Baptist Boarding Academy does offer hope and help to troubled young people through God's work on their soul, mind and body through positive peer influence, without the absence of behavioral modification drug, and with the loving atmosphere and environment which includes regimentation and discipline.  Defendants deny the remaining allegations contained in Paragraph 174 of Plaintiffs' Complaint.

81.     Defendants deny the allegations contained in paragraph 175 of Plaintiffs' Complaint.

82.     Defendants admit that they provided a Parent/Student Handbook to Ralph and Marilyn Lueken.  Defendants are without sufficient knowledge or information to admit or deny the remaining allegations in Paragraph 176 and, therefore, deny the same.

83.     Defendants deny the allegations contained in Paragraph 177 of Plaintiffs' Complaint.

84.     Defendants deny the allegations contained in Paragraph 178 of Plaintiffs' Complaint.

85.     Defendants deny the allegations contained in Paragraph 179 of Plaintiffs' Complaint.

86.     Defendants deny the allegations contained in Paragraph 180 of Plaintiffs' Complaint.

87.     Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 181 and, therefore, deny the same and demand strict proof thereof.

88.     Defendants deny the allegations contained in Paragraphs 182, 183, 184, 185, 186 and 187 of Plaintiffs' Complaint.

89.     Defendants admit that, while enrolled, Shari Lueken performed chores on the campus of Mountain Park Baptist Boarding Academy without monetary compensation. Defendants deny the remaining allegations contained in Paragraph 188 of Plaintiffs' Complaint.

90.     Defendants deny the allegations of Paragraph of 189 and 190.

WHEREFORE, having fully answered Part III – Count I, Defendants pray that Part III – Count I be dismissed with prejudice, that costs be assessed against Plaintiffs and for all other just and appropriate relief.

## PART IV – COUNT I – ERIKA TEASLEY

COME NOW Defendants and for their response to Part IV – Count I and state and aver as follows:

91.     For their answer to Paragraph 191, Defendants incorporate herein by reference their answers to Paragraphs 1 through 190 and their motions and affirmative defenses as if fully set forth herein.

92.     Defendants admit the allegations of Paragraph 192.

93.     Defendants deny the allegations contained in Paragraph 193 of Plaintiffs' Complaint.

94.     Defendants are without sufficient knowledge or information to admit or deny the allegations contained in Paragraph 194 of Plaintiffs' Complaint and, therefore, deny the same and demand strict proof thereof.

95.     Defendants deny the allegations contained in paragraphs 195, 196 and 197 of Plaintiffs' Complaint.

96.     Defendants admit that Erika Teasley's parents received a copy of the Boarding Academy Parent/Student Handbook.   Defendants are without sufficient knowledge or information to admit or deny the remaining allegations in paragraph 198 and, therefore, deny the same and demand strict proof thereof.

97.     Defendants deny the allegations in Paragraphs 199, 200, 201, 202, 203, 204, 205, 206, 207, 208, 209, 210, 211, 212, 213, 214 and 215 of Plaintiffs' Complaint..

98.     Defendants admit that Plaintiff's communication was limited to that communication agreed to between Plaintiff's parents and Mountain Park as a part of the contract of admission completed by Plaintiff Teasley's parents.   Defendants deny the remaining allegations contained in Paragraph 216 of Plaintiffs' Complaint.

WHEREFORE having fully answered Part IV – Count I, Defendants pray that Part IV – Count I be dismissed with prejudice, that costs be assessed against Plaintiffs and for all other just and appropriate relief.

## PART IV – COUNT II

COME NOW Defendants and for their answer and response to Part IV – Count II, and state:

99.    For their answer to Paragraph 217, Defendant incorporates herein by reference each and every allegation and answer to Paragraphs 1 through 216, together with their motions and affirmative defenses as if fully set forth.

100.    Defendants admit that, while Plaintiff Teasley was enrolled at Mountain Park, she chipped a tooth and that she was taken to a dentist.  Defendants deny the remaining allegations in Paragraphs 218 and 219 of Plaintiffs' Complaint.

101.    Defendants deny the allegations of Paragraphs 220, 221, 222, 223, 224 and 225 of Plaintiffs' Complaint.

WHEREFORE having fully answered Part IV – Count II, Defendants pray that Part IV – Count II be dismissed with prejudice, that costs be assessed against Plaintiffs, and for all other just and appropriate relief.

## PART IV – COUNT III

102.    Defendants restate and incorporate herein by reference each and every response to paragraphs 1 through 226 of Plaintiffs' Complaint.

103.    Defendants admit that Plaintiff Teasley performed chores while enrolled at Mountain Park for which she did not receive monetary compensation.  Defendants deny all remaining allegations contained in paragraph 228 of Plaintiffs' Complaint.

104.   Defendants deny the allegations in Paragraphs 228, 229 and 230 of Plaintiffs' Complaint.

WHEREFORE, having fully answered, Defendants pray that Part IV – Count III be dismissed with prejudice, that costs be assessed against Plaintiffs and for all other just and appropriate relief.

## PART V – COUNT I

## PAUL DOUGLAS ("DOUG") HOOVER, JR.: KATRINA HOOVER

COME NOW Defendants and for their answer to Part V – Count I state and aver as follows:

105.   Defendants incorporate herein by reference their answers, motions and affirmative defenses as set forth in their response to Paragraphs 1 through 230 of Plaintiffs' Complaint.

106.   Defendants deny the allegations in Paragraph 232.

107.   Defendants admit the allegations of Paragraph 233.

108.   Defendants deny the allegations contained in Paragraphs 234, 235, 236, 237, 238, 239, 240, 241, 242, 243, 244, 245, 246, 247, 248, 249, 250 and 251 of Plaintiffs' Complaint.

WHEREFORE, having fully answered Part V – Count I, Defendants pray that Part V – Count I be dismissed with prejudice, that costs be assessed against Plaintiffs and for all other just and appropriate relief.

## PART VI – COUNT I – TRACY BRAZIL OZUNA

COME NOW Defendants and for their answer to Part VI – Count I state:

109.    Defendants restate and incorporate herein by reference their responses to each and every allegation contained in paragraphs 1 through 251 of Plaintiffs' Complaint.

110.    Defendants admit that Tracy Brazil Ozuna was voluntarily enrolled and re-enrolled for the periods set forth in Paragraph 253, but deny the remaining allegations of Paragraph 253 of Plaintiffs' Complaint.

111.    Defendants deny the allegations contained in Paragraph 254 of Plaintiffs' Complaint.

112.    Defendants are without sufficient knowledge or information to admit or deny the allegations contained in Paragraph 255 of Plaintiffs' Complaint and, therefore, deny the same and demand strict proof thereof.

113.    Defendants are without sufficient knowledge or information to admit or deny the allegations contained in Paragraphs 256 and 257 of Plaintiffs' Complaint and, therefore, deny the same and demand strict proof thereof.

114.    Defendants admit that the Plaintiff would have been weighed when she arrived, but deny the remaining allegations of Paragraph 258.

115.    Defendants admit that Mountain Park provided the parents with Parent/Student Handbook.  Defendants are without sufficient knowledge or information to form a belief as to whether or not the Plaintiff saw said handbook and, therefore, deny the remaining allegations contained in Paragraph 259 of Plaintiffs' Complaint.

116.    Defendants deny the allegations contained in Paragraphs 260, 261, 262, 263, 264, 265, 266, 267 and 268 of Plaintiffs' Complaint.

117.    Defendants admit that Will Futrelle was killed as a result of a third-party criminal act, and that said incident was investigated by the Wayne County Sheriff's Department and by

the Missouri Department of Family Services.   Defendants deny the remaining allegations contained in Paragraph 269 of Plaintiffs' Complaint.

118.    Defendants admit that they fully cooperated with the investigation of and into the death of Will Futrelle.  Defendants deny the remaining allegations contained in Paragraph 270 of Plaintiffs' Complaint.

119.    Defendants deny the allegations of Paragraphs 270, 271, 272, 273, 274, 275, 276, 277, 278, 279, 280, 281, 282, 283, 284, 285, 286 and 287 of Plaintiffs' Complaint.

WHEREFORE, having fully answered Part VI – Count I, Defendants pray that Part VI – Count I be dismissed with prejudice, that costs be assessed against Plaintiffs and for all other just and appropriate relief.

## PART VI – COUNT II

COME NOW Defendants and for their answer to Part VI – Count II state:

120.    Defendants restate and incorporate herein by reference each and every response to the allegations contained in Paragraphs 1 through 287 of Plaintiffs' Complaint.

121.    Defendants deny the allegations of Paragraph 288.

122.    Defendants deny the allegations of Paragraphs 288, 289, 290, 291, 292 and 293.

WHEREFORE, having fully responded, Defendants pray that Part VI – Count II be dismissed and that they go hence with their cost.

## PART VI – COUNT III

COME NOW Defendants and for their answer to Part VI – Count III state:

123.    Defendants restate and incorporate herein by reference their answers to all allegations contained in Paragraphs 1 through 294 of Plaintiffs' Complaint.

124.    Defendants admit that Plaintiff Ozuna performed chores while enrolled at Mountain Park for which she did not receive monetary compensation.  Defendants deny the remaining allegations contained in paragraph 295 of Plaintiffs' Complaint.

125.    Defendants admit that Mountain Park uses orientation guides.  Defendants deny the remaining allegations contained in paragraphs 296, 297, 298, 299, 300, 301, 302, 303, 304, 305, 306, 307 and 308 of Plaintiffs' Complaint.

### PART VII – COUNT I – JESSICA DEBOI

COME NOW Defendants and for their answer to Part VII – Count I state:

126.    Defendants restate and incorporate herein by reference each and every response to the allegations contained in Paragraphs 1 through 308 of Plaintiffs' Complaint.

127.    Defendants admit the allegation of Paragraph 310.

128.    Defendants deny the allegations contained in paragraphs 311, 312, 313, 314, 315, 316, 317, 318, 319, 320, 321, 322, 323, 324, 325, 326, 327, 328 and 329 of Plaintiffs' Complaint.

WHEREFORE, having fully answered Part VII – Count I, Defendants pray that Party VII – Count I be dismissed with prejudice, that costs be assessed against Plaintiffs and for all other just and appropriate relief.

### PART VII – COUNT II

COME NOW Defendants and for their answer to Part VII – Count II state:

129.    Defendants restate and incorporate by reference each and every response to the allegations contained in Paragraphs 1 through 329 of Plaintiffs' Complaint.

130.    Defendants deny the allegations of Paragraphs 330, 331, 332 and 333 of Plaintiffs' Complaint.

131.   Defendants are without sufficient knowledge or information to admit or deny the allegations contained in Paragraphs 334 and 335 and, therefore, deny the same and demand strict proof thereof.

132.   Defendants deny the allegations contained in Paragraphs 336, 337 and 338 of Plaintiffs' Complaint.

WHEREFORE, having answered Plaintiffs' claims, Defendants pray that Part VII – Count II be dismissed with prejudice, that costs be assessed against Plaintiffs and for all other just and appropriate relief.

## PART VII – COUNT III

COME NOW Defendants and for their answer to Part VII – Count III state:

133.   Defendants restate and incorporate herein by reference each and every response to the allegations contained in Paragraphs 1 through 338 of Plaintiffs' Complaint.

134.   Defendants admit that Plaintiff Deboi performed chores while enrolled at Mountain Park for which she did not receive monetary compensation.  Defendants deny the remaining allegations contained in Paragraph 340 of Plaintiffs' Complaint.

135.   Defendants are without sufficient knowledge or information to admit or deny the allegations contained in paragraph 341 of Plaintiffs' Complaint and therefore, deny the same and demand strict proof thereof.

136.   Defendants deny the allegations contained in paragraphs 342, 343, 344, 345, 346 and 347 of Plaintiffs' Complaint.

137.   Paragraph 348 of Plaintiffs' Complaint is a legal statement that does not require an answer by Defendants.

WHEREFORE, having fully answered Part VII -  Count III of Plaintiffs' Complaint, Defendants pray this Court to dismiss Part VII – Count III with prejudice, assess costs against Plaintiffs and for all other just and appropriate relief.

## AFFIRMATIVE DEFENSES

1.      For their First Affirmative Defense, Defendants state that none of the Plaintiffs has sufficiently stated or pled a claim upon which relief may be granted.

2.      For their Second Affirmative Defense, Defendants state that Plaintiffs Paul Douglas Hoover, Jr., Katrina L. Hoover, Ralph Lueken and Marilyn Lueken are barred from asserting claims against Defendants because they duly executed arbitration agreements expressly barring this lawsuit.

3.      For their Third Affirmative Defense, Defendants state that the negligence claims brought against Defendants by Plaintiffs Jamie Kaufmann Woods, Shari Lueken, Erika Teasley, Tracey Brazil Ozuna and Jessica Deboi are barred because any damages suffered by them were caused, in whole or in part, by their own lack of due care, negligence and fault.

4.      For their Fourth Affirmative Defense, Defendants state that a percentage of fault should be assessed against Plaintiffs Jamie Kaufmann Woods, Shari Lueken, Erika Teasley, Tracey Brazil Ozuna and Jessica Deboi, because any damages suffered were caused, in whole or in part, by their own lack of due care, negligence and fault.

5.      For their Fifth Affirmative Defense, Defendants state that any and all claims brought by the Plaintiffs which purport to arise under the Fair Labor Standards Act are barred because Plaintiffs Jamie Kaufmann Woods, Shari Lueken, Erika Teasley, Tracey Brazil Ozuna and Jessica Deboi were not employees of Defendants as defined under the Act.

6.      For their Sixth Affirmative Defense, Defendants state that Plaintiff Kaufmann's claim of violation of the American's with Disabilities Act is barred because Plaintiff failed to exhaust administrative remedies.

7.      For their Seventh Affirmative Defense, Defendants state that, pursuant to R.S.Mo. §537.060, they are entitled to a set-off or reduction of any judgment as a result of any and all amounts that any other alleged joint tortfeasor paid, or agreed to pay, to settle a claim for injuries alleged by Plaintiffs.

8.      For their Eighth Affirmative Defense, Defendants state that Plaintiffs are barred from recovering their attorney's fees and litigation costs for bringing their lawsuit because, under Missouri law, a plaintiff cannot recover attorney's fees and costs for negligence, battery, false imprisonment, conversion, fraud and other common law claims, and Plaintiffs failed to plead an express clause entitling them to their attorney's fees and costs.

9.      For their Ninth Affirmative Defense, Defendants state that Plaintiffs are barred from asserting claims of "negligent medical treatment" against Defendants since the Defendants are not trained medical professionals.

10.     For their Tenth Affirmative Defense, Defendants state that Plaintiffs are barred from recovering under claims of false imprisonment because Plaintiffs Jamie Kaufmann Woods, Shari Lueken, Erika Teasley, Tracey Brazil Ozuna and Jessica Deboi were minors at the time of their enrollment at Mountain Park and Plaintiffs' parents expressly conveyed care and control of them to Mountain Park, thereby precluding false imprisonment.

11.     For their Eleventh Affirmative Defense, Defendants state that Tracey Brazil Ozuna and Jessica Deboi are barred from asserting any claims of battery, false imprisonment, intentional infliction of emotional distress, negligence and violation of the Fair Labor Standards

Act because Plaintiffs' claims are barred by the applicable Statute of Limitations as set forth in Chapter 516 of the Revised Statutes of Missouri and the United States Code.

12.     For their Twelfth Affirmative Defense, Defendants state that Plaintiffs Paul Douglas Hoover, Jr., Katrina L. Hoover, Ralph Lueken and Marilyn Lueken are barred from recovery because they failed to plead their claims with sufficient particularity pursuant to Fed.R.Civ.P. 9(b).

13.     For their Thirteenth Affirmative Defense, Defendants state that Plaintiffs Douglas Hoover, Jr. and Katrina L. Hoover, Ralph Lueken and Marilyn Lueken are barred from recovery by virtue of the indemnification agreements that they signed.

14      For their Fourteenth Affirmative Defense, Defendants state that Plaintiffs have not specifically stated the amount of punitive damages sought per Section 509.200, R.S.Mo., and punitive damages must be limited.

15.     For their Fifteenth Affirmative Defense, Plaintiffs are barred from recovering punitive damages because Plaintiffs Complaint does not state a claim for punitive damages and it violates the Fifth, Sixth, Seventh, Eighth and Fourteenth Amendments to the Constitution of the United States of America in the following particulars:

      a.     Plaintiffs' claims for punitive damages violates the Fifth Amendment for the following reasons:

           i)     The Double Jeopardy Clause is violated because multiple awards of punitive damages can be imposed upon the Defendant for the same act or omission, and because an award of punitive damages can be imposed upon the Defendant even though the Defendant was convicted or acquitted of a factually related offense in an underlying criminal proceeding.

           ii)     The Self-Incrimination Clause is violated because the Defendant can be compelled to give testimony against him or herself.

22

b.      Plaintiffs' claims for punitive damages violates the Sixth and Fourteenth Amendments because such damages may be imposed by a less than unanimous jury and based upon a burden of proof applicable in civil cases, whereas punitive damages are a fine or penalty and are quasi-criminal in nature.

c.      Plaintiffs' claims for punitive damages violates the Defendant's right to access to the courts guaranteed by the Seventh and Fourteenth Amendments because the threat of an award of unlimited punitive damages chills the Defendant's exercise of that right.

d.      Plaintiffs' claims for punitive damages violates the Eighth Amendment guarantee that excessive fines shall not be imposed.

e.      Plaintiffs' claims for punitive damages violates the Due Process and Equal Protection Clause of the Fourteenth Amendment for the following reasons:

i)      The standard or test for determining the requisite mental state of the Defendant for imposition of punitive damages is void for vagueness.

ii)     Insofar as punitive damages are not measured against actual injury to the Plaintiff, and are left wholly to the discretion of the jury, there is no objective standard that limits the amount of such damages that may be awarded, and the amount of punitive damages that may be awarded is indeterminate at the time of the Defendant's alleged egregious conduct.

iii)    In cases involving more than one Defendant, the evidence of the net worth of each is admissible, and the jury is permitted to award punitive damages in differing amounts based upon the affluence of a given Defendant.

iv)     The tests or standards for the imposition of punitive damages differ from state to state such that a specific act or omission of a given Defendant may or may not result in the imposition of punitive damages, or may result in differing amounts of punitive damages, depending upon the state in which suit is filed, such that the Defendant is denied equal protection of the law.

v)      Punitive damages may be imposed without a requisite showing of hatred, spite, ill will or wrongful motive.

WHEREFORE, having answered and made affirmative defenses to the allegations made

by Plaintiffs in their Complaint, Defendants Bob Wills, Betty Sue Wills, Sam Gerhardt, Deborah

23

Gerhardt, Julie Gerhardt, Sharon Goodman and Andrea Hill, pray this Court to dismiss said claims with prejudice, assess costs against Plaintiffs and for all other just and appropriate relief.

## DEFENDANTS' COUNTERCLAIM

### COUNT I

### PAUL DOUGLAS HOOVER, JR. AND KATRINA L. HOOVER

COME NOW Defendants and in their capacity of the officers of the Mountain Park Baptist Church and the Mountain Park Baptist Boarding Academy, and for their counter claim against Paul Douglas Hoover, Jr., Katrina L. Hoover and state:

1.      Paul Douglas Hoover, Jr. and Katrina L. Hoover applied for the admission of their daughter to Mountain Park in accordance with the application.

2.      The Plaintiffs Hoover as a part of the admission process received an admission orientation packet including the Parent/Student Handbook which contained rules and regulations with respect to the operation and program of the Mountain Park and reviewed and initialed the terms and conditions of admission to signify their understanding of said terms and conditions, and they executed a limited power of attorney conveying authority to Defendants.

3.      In addition, the Plaintiffs Hoover, in consideration for the admission of their daughter Erika Teasley to Mountain Park did execute a indemnification agreement.

4.      Erika Teasley by next friend has, in Part IV – Count I, II and III, filed suit and made claims against Defendants and each of them.

5.      Paul Douglas Hoover, Jr. and Katrina L. Hoover in Part V – Count I have made claims against Defendants and each of them.

24

6.       Under the terms of said indemnity agreement, Defendants and each of them, in the event that any award is made to the Plaintiffs, are entitled to indemnity by Paul Douglas Hoover, Jr. and Katrina L. Hoover, including the cost of defense and their attorney's fees.

WHEREFORE, Defendants and each of them jointly and severally pray that, in the event any judgment is rendered against them or any of them, a judgment over and against Plaintiffs Paul Douglas Hoover, Jr. and Katrina L. Hoover for indemnity, in all events, for their cost of defense including their attorney's fee, and for all other just and appropriate relief.

**COUNT II**

**RALPH LUEKEN AND MARILYN LUEKEN**

COME NOW Defendants and in their capacity of the officers of the Mountain Park Baptist Church and the Mountain Park Baptist Boarding Academy, and for their counter claim against Ralph Lueken and Marilyn Lueken and state:

7.       Ralph Lueken and Marilyn Lueken applied for the admission of their daughter to Mountain Park in accordance with the application.

8.       As a part of the admission process, Ralph Lueken and Marilyn Lueken received an admission orientation packet including the Parent/Student Handbook which contained rules and regulations with respect to the operation and program of the Mountain Park, and they reviewed and initialed the terms and conditions of admission to signify their understanding of said terms and conditions, and they executed a limited power of attorney conveying authority to Defendants.

9.       In addition, Ralph Lueken and Marilyn Lueken, in consideration for the admission of their daughter Shari Lueken to Mountain Park did execute a indemnification agreement.

25

10.    Shari Lueken, by her next friends, has, in Part II – Counts I, II, III and IV, filed suit and made claims against Defendants and each of them.

11.    Ralph Lueken and Marilyn Lueken in Part III – Count I, have made claims against Defendants and each of them.

12.    Under the terms of said indemnity agreement, Defendants and each of them, in the event that any award is made to the Plaintiffs, are entitled to indemnity by Ralph Lueken and Marilyn Lueken, including the cost of defense and their attorney's fees.

WHEREFORE, Defendants and each of them jointly and severally pray that, in the event any judgment is rendered against them or any of them, a judgment over and against Plaintiffs Ralph Lueken and Marilyn Lueken for indemnity, in all events, for their cost of defense including their attorney's fee, and for all other just and appropriate relief.

BROWN & JAMES, P.C.

/s/ Steven H. Schwartz
Steven H. Schwartz,        #4316
1010 Market Street, 20th floor
St. Louis, Missouri  63101
314-421-3400
314-421-3128  FAX

John L. Oliver,          #3999
OLIVER, OLIVER & WALTZ, P.C.
400 Broadway, Suite 400
Cape Girardeau, Missouri 63702
573-335-8278
573-334-6375  FAX

*Attorneys for Defendants*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on November 25, 2003, the foregoing was filed electronically with the Clerk of Court to be served by operation of the Court's electronic filing system upon the following:

Mr. Oscar Stilley
Central Mall Plaza
Suite 520
5111 Rogers Avenue
Fort Smith, Arkansas  72903-2041

*Attorney for Plaintiffs*

                           /s/ Steven H. Schwartz_____

7555215