**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEAST DIVISION**

JAMIE KAUFMANN WOODS; SHARI LUEKEN, A MINOR,
BY AND THROUGH HER NEXT FRIENDS,
RALPH LUEKEN AND MARILYN LUEKEN; RALPH LUEKEN;
MARILYN LUEKEN; ERIKA TEASLEY, A MINOR,
BY AND THROUGH HER NEXT FRIENDS, PAUL
DOUGLAS ("DOUG") HOOVER JR., AND KATRINA L. HOOVER;
PAUL DOUGLAS ("DOUG") HOOVER JR.; KATRINA HOOVER;
TRACEY BRAZIL OZUNA, JESSICA DEBOI             PLAINTIFFS

vs.            Case No. Case No. 1:03CV00105CAS

BOB WILLS, AKA BOBBY RAY WILLS, AKA W. B. WILLS;
BETTY SUE WILLS; SAM GERHARDT, AKA S.L. GERHARDT;
DEBORAH GERHARDT, AKA DEBBIE GERHARDT,
DBA MOUNTAIN PARK BOARDING ACADEMY;
JULIE GERHARDT; SHARON GOODMAN; and ANDREA HILL
                                                DEFENDANTS

**ANSWER TO COUNTERCLAIM COMPLAINT**

Comes now Plaintiffs/Counterclaim Defendants Paul Douglas Hoover, Jr., Katrina L. Hoover,

Ralph Lueken, and Marilyn Lueken, and for their answer to Counterclaim state:

1.     As to Paragraph 1, it is admitted that application for admission was made.  The remainder of

Paragraph 1 is denied.

1

2.     As to Paragraph 2, Plaintiffs Hoover admit receipt of a packet including certain rules and regulations.  Plaintiffs Hoover admit to having reviewed and initialed certain terms and conditions, and to having executed certain documents, but deny having knowingly authorized, tolerated, or suffered the mistreatment of Erika Teasley.

3.     As to Paragraph 3, no indemnification agreement is attached to the complaint, therefore same is denied.   There was no separate consideration given for an "indemnification agreement" if any.

4.     Paragraphs 4 and 5 of the complaint are admitted.

5.     Paragraph 6 is denied.

6.     As to Paragraph 7, it is admitted that application for admission was made.  The remainder of Paragraph 7 is denied.

7.     As to Paragraph 8, Plaintiffs Lueken admit receipt of a packet including certain rules and regulations.  Plaintiffs Lueken admit to having reviewed and initialed certain terms and conditions, and to having executed certain documents, but deny having knowingly authorized, tolerated, or suffered the mistreatment of Sheri Lueken.

8.     As to Paragraph 9, no indemnification agreement is attached to the complaint, therefore same is denied.  Furthermore, there was no separate consideration given for an "indemnification agreement" if any.

9.     Paragraphs 10 and 11 are admitted.

10.    Paragraph 12 is denied.

11.    Plaintiffs/Counterclaim Defendants Paul Douglas Hoover, Jr., Katrina Hoover, Ralph Lueken, and Marilyn Lueken make the following defenses and affirmative defenses.

12.     Defendants/Counterclaim Plaintiffs lack standing, capacity, or party status to raise the claims made in their counterclaim.  Mountain Park Boarding Academy appears to be no more than an unincorporated association.  The individuals sued are sued in their individual capacities, with the indication that at least some of these individuals are "doing business as" Mountain Park Boarding Academy.  Yet the counterclaim is made by the counterclaim Plaintiffs "in their capacity of (sic) the officers of the Mountain Park Baptist Church and Mountain Park Boarding Academy..."  An unincorporated association may lack legal existence, standing, or capacity to sue in its own behalf, thus relegating the members of such an association to either a class action in which the Plaintiffs consist of the class of all members of such association, or suit by all members of the association, as members of the association, or suit in their own personal capacity for wrongs done against their own natural person.  See e.g. *Brown v. Fifth Judicial Dist. Drug Task Force*, 255 F.3d 475, 477 (8th Cir. 2001)

13.     The agreements alleged, if any should exist, appear to be contracts of adhesion, to be construed against the drafter.

14.     The agreements alleged, if any should exist, were procured by intentional, wilful fraud and deceit, and as such are not enforceable.

15.     The particulars of the fraud include, without limitation, the fact that the Defendants/Counterclaim Plaintiffs falsely stated that children in their care would not be given mind-altering drugs such as chlorpromazine, yet surreptitiously administered such drugs for the purpose of inducing docility and ease of control of Plaintiffs' children.  There was no attempt to perform the monitoring medically indicated for the use of such drugs.

16.     Plaintiffs falsely stated that they would care for the medical and physical needs of the children in

their care, when in fact they knew that they had in the past and would continue in the future to neglect the medical needs of the children in their care, to the point of using physical illness or unmet medical needs in a calculated attempt to break the spirit of children under their control.

17. Defendants made up and told lies to the Plaintiffs herein, both to the children and to the parents, in order to "divide and conquer" and keep children enrolled for longer periods of time. The parents were not informed that such lies would be told to them about their children, or that their children would hear lies from the staff of Mountain Park Boarding Academy, such as "your parents sent you here because they don't love you and don't have time for you."

18. Plaintiffs/Counterclaim Defendants incorporate the complaint as if set forth herein word for word. Defendants lied about, or failed to disclose, the sleep deprivation, bathroom deprivation, harassment, thefts of personalty, senseless use of child labor for economically unwarranted purposes, and other matters for which the complaint was made. In sum, Defendants/Counterclaim Plaintiffs systematically lied to Plaintiffs/Counterclaim Defendants about the nature, purpose, manner, and methods of their operation, to the great harm and detriment of Plaintiffs.

WHEREFORE, Plaintiffs/Counterclaim Defendants, having fully answered, respectfully pray that the Counterclaim Complaint be dismissed with prejudice; and furthermore pray for all such other and further relief as may be appropriate based on their answer, whether or not specifically prayed.

> By: /s/ Oscar Stilley
> Oscar Stilley, Attorney at Law
> Central Mall Plaza Suite 520
> 5111 Rogers Avenue
> Fort Smith, AR 72903-2041
> Attorney for Plaintiff
> 479 996-4109
> 501-646-0333 Fax
> oscar@ostilley.com email

**CERTIFICATE OF SERVICE**

I, Oscar Stilley, by my signature above certify that I have this December 29, 2003 served the defendants with a copy of this pleading electronically by CM/ECF to:  John Oliver, Attorney at law, Oliver, Oliver, & Waltz, PO Box 559, Cape Girardeau, MO, 63702-0559; and John Briggs, Attorney at law, Brown & James, P.C., 1010 Market Street, 20th Floor, St. Louis MO 63101-2000.