UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| JAMIE KAUFMANN WOODS, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | No. 1:03-CV-105 CAS |
| ) | |
| BOB WILLS, et al., ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on defendants' motion to compel plaintiffs to produce hair samples pursuant to Federal Rules of Civil Procedure 34 and 37(b), and for a protective order stating that defendants need not produce any reports, findings or conclusion of a consulting expert who will review, observe test or analyze plaintiffs' hair samples unless and until said expert is disclosed to testify at trial pursuant to Rule 26(a)(2), Fed. R. Civ. P.  Plaintiffs respond that they do not oppose providing the hair samples if they are given access to the expert's reports and conclusions, but will not provide the hair samples otherwise.  For the following reasons, defendants' motion will be granted.

**Background**.

The plaintiffs in this action assert claims against the defendants for negligence, false imprisonment, battery and fraud, arising from plaintiffs' enrollment at the Mountain Park Baptist Boarding Academy ("Mountain Park"), a school operated by defendants.  Plaintiffs Shari Lueken and Erika Teasley allege in the complaint that defendants forced them to ingest the medicines chlorpromazine and thioridazine without a doctor's prescription.  In May 2003, after Lueken and Teasley had left Mountain Park but before they filed this action, they gave hair samples to test for the

presence of these drugs. Tests were conducted by Toxicology Associates, Inc., which is still in possession of the hair samples. The results of the tests were produced to defendants in discovery.

Defendants propounded Requests for Production of Documents and Things to Lueken and Teasley, seeking the original hair samples and any tests reports and data derived from them. Defendants wish to provide the samples to their consulting expert for observation and analysis. As stated above, plaintiffs refuse to produce the hair samples unless they receive a copy of defendants' expert's report.

**Discussion**.

Defendants assert that plaintiffs are not entitled to any reports or other matter prepared by a consulting expert defendants retain who has not been identified to testify at trial. Defendants rely on Rule 26(b)(4)(B), which provides:

> A party may, through interrogatories or by deposition, discover facts known or opinions held by an expert who has been retained or specially employed by another party in anticipation of litigation or preparation for trial and who is not expected to be called as a witness at trial only as provided in Rule 35(b) or upon a showing of exceptional circumstances under which it is impracticable for the party seeking discovery to obtain facts or opinions on the same subject by other means.

Rule 26(b)(4)(B), Fed. R. Civ. P.

"[A] party seeking disclosure under Rule 26(b)(4)(B) carries a heavy burden in demonstrating the existence of exceptional circumstances." Brown v. Ringstad, 142 F.R.D. 461, 463 (S.D. Iowa 1992) (citing Ager v. Jane C. Stormont Hospital & Training School for Nurses, 622 F.2d 496, 503 (10th Cir.1980); Hoover v. United States Dept. of Interior, 611 F.2d 1132, 1142 n. 13 (5th Cir.1980)); see also 6 James W. Moore, et al., Moore's Federal Practice § 26.80[2] (3d ed. 2004). "Exceptional circumstances may be established by demonstrating that the party seeking discovery is unable to obtain equivalent information that is essential to the preparation of the case from other sources." 6 Moore's Federal Practice, id. "This includes situations in which the object or condition

2

observed by the non-testifying expert is no longer observable by experts hired by the party seeking discovery." Id.

The Eighth Circuit does not appear to have addressed Rule 26(b)(4)(B) in any depth. In Cox v. Piper, Jaffray & Hopwood, Inc., 848 F.2d 842, 844-46 (8th Cir.1988), Judge Beam addressed the rule in an opinion dissenting in part. The majority did not reach the Rule 26(b)(4)(B) issue because it held the appeal should be dismissed for lack of jurisdiction. Cox, 848 F.2d at 844. Judge Beam stated that the identity of and other collateral information concerning an expert who is retained but not expected to be called at trial is not discoverable except upon a showing of exceptional circumstances. Cox, 848 F.2d at 845. Judge Beam also stated that discovery of the facts and opinions held by retained but non-testifying experts is "clearly prohibited by Rule 26 . . . ." Id. at 845. This view is consistent with the Tenth Circuit's decision in Ager, 622 F.2d at 503 (The proper showing required to compel discovery of a retained, non-testifying expert is the "exceptional circumstances" provision of Rule 26(b)(4)(B)).

Defendants contend that no exceptional circumstances exist in this case which would require the disclosure of their non-testifying expert's report, because plaintiffs have access to the hair samples and have already had them analyzed by a laboratory of their choosing. Defendants also assert that Rule 35(b) is not triggered by their request to test the original hair samples, as it would have been had defendants sought to obtain new hair samples from the plaintiffs.

Plaintiffs assert that because defendants are seeking part of a limited reserve of hair from plaintiffs' bodies, plaintiffs are entitled to defendants' expert report. Plaintiffs cite Dees v. Caspiri, 904 F.2d 452, 455 n.3 (8th Cir.), cert. denied, 498 U.S. 970 (1990), to support their argument that defendants should be required to turn over any expert report concerning the hair samples. Plaintiffs' citation of the footnote in the Dees case is conspicuously inapt. Dees was an action for writ of habeas

3

corpus under 28 U.S.C. § 2254, in which the Eighth Circuit examined the fairness of Dees' criminal prosecution in the Missouri courts. The footnote cited by plaintiffs addresses Missouri Supreme Court Rule of Criminal Procedure 25.06, which required a defendant to disclose the opinions of any experts he did not intend to call at trial, on motion by the state and a finding by the court that the motion is "reasonable" and the information requested is "relevant and material to the state's case." The Missouri Rules of Criminal Procedure have absolutely no application to this case and therefore plaintiffs' citation to Dees is wholly irrelevant.

In order for the plaintiffs to obtain reports or other results of defendants' non-testifying expert in this case, they must show that exceptional circumstances exist. Rule 26(b)(4)(B), Fed. R. Civ. P. Courts have held that if a party can obtain the same information from other sources, it cannot make the requisite showing of exceptional circumstances. See, e.g., Marine Petroleum Co. v. Champlin Petroleum Co., 641 F.2d 984, 994 (D.C. Cir. 1979); In re Shell Oil Refinery, 132 F.R.D. 437, 442, clarified by 134 F.R.D. 148 (E.D. La. 1990) (citing cases); Eliasen v. Hamilton, 111 F.R.D. 396, 401-02 (N.D. Ill. 1986); Delcastor, Inc. v. Vail Assoc., Inc., 108 F.R.D. 405, 409 (D. Colo. 1985); Mantolete v. Bolger, 96 F.R.D. 179, 181-82 (D. Ariz. 1982).

In this case, plaintiffs retained a third-party laboratory to conduct tests and provide reports on the hair samples. Plaintiffs do not assert that their own expert cannot provide them with the necessary facts and opinions concerning the tests results. Plaintiffs do not seek the testimony of defendants' non-testifying expert to prove their case. Under these circumstances, plaintiffs have not made the requisite showing of "exceptional circumstances" mandated by Rule 26(b)(4)(B). Plaintiffs have adequate "other means" to obtain facts and opinions on the hair samples at issue.

4

In addition, the Court finds no authority requiring defendants to turn over their non-testifying expert's report merely because the report will concern hair samples taken from plaintiffs' bodies. As defendants observe, the hair samples were given voluntarily by plaintiffs before this litigation commenced. Defendants are not seeking a physical examination pursuant to Rule 35. Plaintiffs have not cited any cases which hold that non-testifying experts' reports are necessarily discoverable if they concern tissue taken from the body of a plaintiff.

The Court in independent research found one case in which a district court held that the plaintiff was entitled to either depose or obtain a copy of reports of non-testifying experts to whom tissue samples taken from a deceased individual's body were sent by the defendants. Coates v. AC & S, Inc., 133 F.R.D. 109 (E.D. La. 1990). In Coates, the plaintiff alleged that the deceased individual died of peritoneal mesothelioma caused by exposure to defendant's products. The district court noted the difficulty inherent in making a diagnosis of mesothelioma and expressed concern that defendants were "shopping" the tissue samples to various experts in order to obtain a favorable opinion. Based on the court's concerns with respect to expert "shopping," it found that exceptional circumstances existed within the meaning of Rule 26(b)(4)(B). The concern over expert shopping which was determinative in the Coates case does not exist in this case, and it is therefore not persuasive here.

**Conclusion**.

For the foregoing reasons, the Court concludes that defendants' motion to compel production of the original hair samples taken from plaintiffs Lueken and Teasley should be granted. Plaintiffs have failed to show the requisite exceptional circumstances required to obtain the non-testifying expert's report, findings or conclusions under Rule 26(b)(4)(B), Fed. R. Civ. P. As a result, defendants are not required to produce their expert's report, findings or conclusions to plaintiffs

5

unless and until defendants disclose the expert to testify at trial pursuant to Rule 26(a), Fed. R. Civ. P.

Accordingly,

**IT IS HEREBY ORDERED** that defendants' motion to compel production of hair samples and for protective order is **GRANTED**.  [Doc. 38]

**IT IS FURTHER ORDERED** that plaintiffs shall produce the hair samples to defendants within ten (10) days of the date of this order.  Defendants shall return the hair samples to plaintiffs as soon as possible after their expert has finished with them.

**IT IS FURTHER ORDERED** that defendants are not required to produce their expert's report, findings or conclusions to plaintiffs unless and until defendants disclose the expert to testify at trial pursuant to Fed. R. Civ. P. 26(a)(2).

                                                */s/ Charles A. Shaw*
                                                **CHARLES A. SHAW**
                                                **UNITED STATES DISTRICT JUDGE**

Dated this  9th  day of March, 2005.