**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION**

JAMIE KAUFMANN WOODS, et al.,      )
                                       )
      Plaintiffs,                 )
                                       )
      v.                         )        No. 1:03-CV-105 CAS
                                       )
BOB WILLS, et al.,                )
                                       )
      Defendants.            )

**<u>MEMORANDUM AND ORDER</u>**

This matter is before the Court on defendants' motion for leave to complete depositions out of time.  Plaintiffs oppose the motion.

**Background**.

The discovery cutoff date in this case was March 31, 2005.  Defendants' motion for leave states that the depositions of all plaintiffs were set to be taken in St. Louis during the week of March 7, 2005, the same week that mediation of the case was held.  All of the plaintiffs live outside the State of Missouri.

Defendants state they were unable to depose three parent plaintiffs, Paul Hoover, Jr., Marilyn Lueken and Ralph Lueken, as the mediation concluded at 3:30 p.m. on Friday, March 11, 2005, and defendants' request to depose these parties later that day or on March 12 were denied by plaintiffs' counsel on the grounds that the parties had airline tickets to return home on March 12.  Defendants subsequently served amended notices of deposition for Hoover and the Luekens for April 18 and 19, 2005, and plaintiffs' counsel stated he would not produce his clients for deposition as requested. Defendants assert they will be unfairly prejudiced if they are not allowed to take the depositions of these plaintiffs, particularly after timely and proper notices of deposition were served for deposition

in March.  Defendants state they should not be prejudiced because the depositions went longer than expected and times on March 11 and 12 to complete the depositions were rejected.

Defendants also seek leave to depose plaintiffs' toxicology expert, Dr. Ben Corpus, in Columbus, Ohio.  Defendants state that Dr. Corpus tested the hair samples from plaintiffs Shari Lueken and Erika Teasley, and that defendants' expert has only recently received the samples and testing has not been completed on them.  Defendants assert that they will be unfairly prejudiced if they are not allowed to depose Dr. Corpus.

Plaintiffs respond to defendants' motion characterizing it as a motion to compel, and state that it should be denied for failure to comply with Local Rule 3.04, which requires a certification of good-faith effort to resolve any motion relating to discovery and disclosure prior to filing.  Plaintiffs also note that the Court has previously stated in this case that "it will not entertain any further motions for modification of the Case Management Order in the absence of the most compelling circumstances." Order Amending Case Management Order of Jan. 27, 2005 at 1.  Plaintiffs also assert that defendants have not fully complied with their discovery obligations, and that if the Court denies the instant motion, the parties will have the opportunity to work their disputes out on their own.

**Discussion**.

As a threshold matter, the Court does not construe the defendants' motion for leave to take depositions out of time as a motion to compel.  As such, the good-faith certification requirement of Local Rule 3.04 does not apply.  The Court also notes that defendants do not ask for any deadlines in the case to be changed, but rather seek permission from the Court to complete depositions following the acknowledged close of discovery.

The Court finds that defendants would be unfairly prejudiced if they are not allowed to depose Mr. Hoover, the Leukens, and the plaintiffs' expert.  The Court will grant defendants' motion

2

for leave to conduct out of time the depositions of Mr. Hoover and the Luekens in St. Louis, and of Dr. Corpus in Columbus, Ohio.  The Court expects the parties to confer and agree on dates and time for these depositions, which shall be completed by April 20, 2005, without necessity of intervention by the Court.

Accordingly,

**IT IS HEREBY ORDERED** that defendants' motion for leave to complete depositions out of time is **GRANTED**.  [Doc. 38]

**IT IS FURTHER ORDERED** that defendants are granted leave to conduct the depositions of Paul Hoover, Jr., Marilyn Lueken and Ralph Lueken out of time in St. Louis, Missouri, and the deposition of Dr. Ben Corpus out of time in Columbus, Ohio.  The parties shall cooperate in the scheduling of these depositions, which shall be completed by April 20, 2005.

_____
**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**


Dated this _8th_ day of April, 2005.