IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEAST DIVISION

JAMIE KAUFMANN WOODS; SHARI LUEKEN, A MINOR,
BY AND THROUGH HER NEXT FRIENDS,
RALPH LUEKEN AND MARILYN LUEKEN; RALPH LUEKEN;
MARILYN LUEKEN; ERIKA TEASLEY, A MINOR,
BY AND THROUGH HER NEXT FRIENDS, PAUL
DOUGLAS ("DOUG") HOOVER JR., AND KATRINA L. HOOVER;
PAUL DOUGLAS ("DOUG") HOOVER JR.; KATRINA  HOOVER;
TRACEY BRAZIL OZUNA, JESSICA DEBOI             PLAINTIFFS

vs.            Case No. Case No. 1:03CV00105CAS

BOB WILLS, AKA BOBBY RAY WILLS, AKA W. B. WILLS;
BETTY SUE WILLS; SAM GERHARDT, AKA S.L. GERHARDT;
DEBORAH GERHARDT, AKA DEBBIE GERHARDT,
DBA MOUNTAIN PARK BOARDING ACADEMY;
JULIE GERHARDT; SHARON GOODMAN; and ANDREA HILL
                                                DEFENDANTS

**BRIEF IN SUPPORT OF MOTION TO RECONSIDER "MEMORANDUM AND ORDER" RELATING TO DISCOVERY, ENTERED APRIL 8, 2005; ALTERNATIVE MOTION FOR LEAVE TO COMPLETE THE DEPOSITIONS OF SHARON GOODMAN AND ANDREA HILL OUT OF TIME, IN THE SAME MANNER AS THE DEPOSITIONS OF PLAINTIFFS; AND MOTION FOR CLARIFICATION**

Come now Plaintiffs and for their brief in support of motion to reconsider, etc, and state:

The Court has granted a motion for leave to complete depositions out of time.  However, the Court has plainly overlooked the fact that the rules require that the parties first confer in good faith.  E.D.Mo.  L.R. 37-3.04 provides as follows:

> (A) **The Court *will not* consider any motion relating to discovery and disclosure unless it contains a statement** that movant's counsel has conferred in person or by telephone with the opposing counsel in good faith or has made reasonable efforts to do so, but that after sincere efforts to resove their dispute, counsel are unable to reach an accord.  **This statement shall recite the date, time, and manner of such conference,**

1

**and the names of the individuals participating therein, or shall state with specificity the efforts made to confer with opposing counsel.**
(Emphases added)

According to the Rule, the Court lacks the power to consider such a motion. In an attempt to avoid this stricture, the Court's order recites:

> As a threshold matter, the Court **does not construe the defendants' motion for leave to take depositions out of time as a <u>motion to compel</u>**. As such, the good-faith certification requirement of Local Rule 3.04 does not apply. The Court also notes that defendants do not ask for any deadlines in the case to be changed, but rather seek permission from the Court to complete depositions following the acknowledged close of discovery.
> (Emphasis added)

The District Court has overlooked the fact that E.D.Mo. L.R. 37-3.04 applies to all motions *<u>relating to</u>* discovery and disclosure, despite the fact that the Court recited the correct scope of the rule in the previous paragraph. Whether or not the motion is construed as a motion to compel is immaterial.

This brings us to another question. What is the practical effect of the order? Does the order de facto compel Plaintiffs to appear? What sanctions, punishment, or adverse action will accrue if the Plaintiffs involved do not appear? The Court by its language has invited this question.

Permission is quite different from de facto compulsion. The Defendants have refused to produce Sharon Goodman except by telephone, and have refused to produce Andrea Hill in person or by phone. Undersigned counsel has been informed that a plaintiff settlement offer to Andrea Hill made during mediation, with favorable terms, was never communicated to Ms. Hill. The facts suggest that the refusal to produce these witnesses is a calculated and strategic move of the part of some of the Defendants to keep Goodman and Hill in the case, as well as to prevent

Hill from giving any deposition testimony.

*Permission* allows the parties to reach the same fair and equitable accord sought by the Plaintiffs beforehand.  Defendants might then offer to present their parties in exchange for Plaintiffs presenting theirs.  Permission encourages negotiation and discussion, give and take on a level playing field.  Plaintiffs have something the Defendants want, and vice versa, so why not trade?

The Defendants have demanded discovery without reciprocating to the Plaintiffs.  The friction in this case arises because the Defendants want the Lexus model of discovery while the Plaintiffs drive a Yugo.

If the Court construes the order to be directory only, then there would be no need for further court proceedings in regard to discovery.  No one would be unfairly advantaged or disadvantaged.

However, if the Court deems its order mandatory, this would contradict a term within the order.  The Court said that it did not construe its order to be an order to compel.   Not only would such a construction constitute an internal inconsistency, but it would also be one in which a party has been deprived of an indisputable right.  E.D.Mo.  L.R. 37-3.04 does not by its terms give a court discretion to disregard the rule.  In the unique circumstances of this case, mandamus might well lie to prevent the enforcement of such an order.

Undersigned counsel is most grateful for the opportunity to practice in this court, and certainly respects the Court.  Undersigned counsel tries to resolve disputes at the lowest level, not the highest level.   Mandamus is rare but not nonexistent with respect to discovery matters. In the case of *In Re Medtronic, Inc.*, 184 F.3d 807, 809 (8th Cir. 1999), the Court said:

[9] Because the orders of the district court require Medtronic to violate the federal regulation, 21 C.F.R. 20.63(f), we asked [Page 810] the government to file a response if it wished to do so. It has now responded in support of Medtronic, urging this court to grant the requested writ.

[10] II. DISCUSSION

[11] We almost never issue a writ of mandamus in a district court discovery dispute because, as noted by respondent Adcox, such an order may issue only "in those exceptional circumstances amounting to a judicial usurpation of power." *In re Ford Motor Co.*, 751 F.2d 274, 275 (8th Cir. 1984). "The remedy of mandamus is a drastic one, to be invoked only in extraordinary situations." *Allied Chem. Corp. v. Daiflon, Inc.*, 449 U.S. 33, 34 (1980). Petitioner Medtronic, respondent Adcox and the government all concede that in this circuit we are controlled by the five guidelines outlined in *In re Bieter Co.*, 16 F.3d 929 (8th Cir. 1994).[fn2] Here, we think the requirements of *Bieter* have been met because all guidelines, except guideline four, have been established.

Footnote 2 is reproduced in its entirety below:

[fn2] The five guidelines are: (1) the party seeking the writ has no other adequate means, such as direct appeal, to attain the relief desired; (2) the petitioner will be damaged or prejudiced in a way not correctable on appeal; (3) the district court's order is clearly erroneous as a matter of law; (4) the district court's order is an oft-repeated error, or manifests a persistent disregard of the federal rules; and (5) the district court's order raises new and important problems or issues of first impression. See *In re Bieter*, 16 F.3d 929, 932 (8th Cir. 1994).

Here the Court, has plainly violated the local rule by *considering* the motion. Where a movant has failed to comply with the mandatory prerequisites for judicial relief, the Court's sole duty and power is to inform the requesting party that the failure divests the Court of power to "consider" the motion.

If the Court first deems its order not to be an order to "compel" yet thereafter declares the order compulsory, there will be no other adequate means, such as direct review, to attain the relief to which the Plaintiffs are entitled.

If this is not an issue of first impression, Plaintiffs would very much like to see the case

4

law in which this matter has arisen previously.  The District Court has in the recent past, in the case of *Kellar v. Wills*, *et al*, 1:03-cv-00018-CAS  now on appeal at the 8th Circuit, converted a motion in limine into a motion to dismiss on the day of trial.  This too seems to be a complete disregard of the rules and the Court's own orders concerning the timeliness of motions to dismiss.  Undersigned counsel has been denied relief on grounds of failure to file a brief (See *Kellar v.  Wills et al*, Docket entry 68).  In this matter Mr.  Briggs filed no brief, without consequence.

Undersigned counsel would most respectfully submit that, unless this order brings relief, there is satisfactory evidence of all five of the *Bieter* factors.  Undersigned counsel certainly hopes and trusts that this matter can be promptly and amicably resolved, conformably to the law, with the filing of this motion.  However, courtesy and professionalism dictate that undersigned counsel state, in respectful and deferential fashion, that the lack of a remedy in this Court is likely to precipitate an attempt at relief in another court.

WHEREFORE, Plaintiff prays that the Court reconsider and vacate the order of April 8, 2005, or in the alternative order that the Defendants present those parties that they have not presented for depositions, or in the alternative clarify the meaning of its order stating that it is directory only, with no adverse consequences for any Plaintiff regardless of whether they choose to participate or abstain from depositions.

By:   /s/ Oscar Stilley
Oscar Stilley, Attorney at Law
Central Mall Plaza Suite 520
5111 Rogers Avenue
Fort Smith, AR 72903-2047
Attorney for Plaintiff

5

                          479 996-4109
                          479 996-3409 Fax 501-325-1815 alt fax
                          oscar@oscarstilley.com

## CERTIFICATE OF SERVICE

      I, Oscar Stilley, by my signature above certify that I have this April 14, 2005 served the defendants with a copy of this pleading electronically by CM/ECF to:  John Oliver, Attorney at law, Oliver, Oliver, & Waltz, PO Box 559, Cape Girardeau, MO, 63702-0559; and John Briggs, Attorney at law, Brown & James, P.C., 1010 Market Street, 20th Floor, St. Louis MO 63101-2000.