IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| JAMIE KAUFMANN WOODS, et al., | ) ) ) |
| Plaintiffs, | ) ) |
| vs. | ) Case No.: 1:03CV00105 CAS ) |
| BOB WILLS, et al. | ) ) |
| Defendants. | ) ) |

**DEFENDANTS' MOTION FOR SUMMARY JUDGMENT AS TO
PLAINTIFFS JAMIE WOODS, SHARI LUEKEN, ERIKA TEASLEY,
<u>TRACEY OZUNA AND JESSICA DEBOI</u>**

Defendants, Bob Wills, Betty Wills, Sam Gerhardt, Deborah Gerhardt, Julie Gerhardt, Sharon Goodman and Andrea Hill (collectively "Defendants"), respectively move the Court for summary judgment as to claims made by Plaintiffs Jamie Woods, Shari Lueken, Erika Teasley, Tracey Ozuna and Jessica Deboi (collectively "Plaintiffs"). For their Motion, Defendants state:

1. Plaintiffs have each made numerous claims for relief against the Defendants, all of whom were employees of Mountain Park Baptist Church and Boarding Academy ("Mountain Park").

2. At various times, each of the Plaintiffs was a student at Mountain Park. Each of them was enrolled by their parents, and they attended there while they were under the age of 18.

3. For the reasons advanced below, Defendants are entitled to summary judgment on each of the following claims advance by Plaintiffs.

4. Plaintiff Jamie Woods alleges that Defendants violated the Americans with Disabilities Act ("ADA"). However, the ADA provides an express exemption from a private

right of action for any religious organization, for which Mountain Park qualifies.  Therefore, as a matter of law, summary judgment is appropriate because she cannot maintain her claim.

5.      Plaintiffs each allege that Defendants violated the Fair Labor Standards Act ("FLSA") because they were not paid as employees by Defendants for "acting as a security guard at all times," or for serving in Mountain Park's  "orientation" or mentoring program, or helping to maintain a safe and secure environment for all students.  As discussed below, when the "economic reality" test is applied to the activities, the undisputed facts are that the activities advance the educational and functional missions of Mountain Park, said activities are not offered to the public and Mountain Park did not derive any substantial economic benefit from said activities.  Therefore, the students were not employees under the FLSA.

6.      Plaintiffs each claim that they suffered intentional infliction of emotional distress as a result of attending Mountain Park.  However, summary judgment is appropriate for their claims because, as a matter of law, none of the Plaintiffs cannot make a submissible case for said claim.  To prove their claims, Plaintiffs must offer expert medical testimony at trial that a physical illness resulted from witnessing one or more events at Mountain Park.  However, after the disclosure of their experts and after the conclusion of discovery, Plaintiffs have failed to disclose any physician who will offer such testimony at trial.

7.      Plaintiffs each claim that they were falsely imprisoned while being at Mountain Park. However, Plaintiffs were all under the age of 18 when they were at Mountain Park, and their parents all voluntarily enrolled them at the school.  Therefore, as a matter of law, they cannot maintain their claims for false imprisonment.

8.      Plaintiffs each allege that they suffered a battery because Defendants surreptitiously gave them antipsychotic drugs.  However, none of the Plaintiffs was aware that

2

she was allegedly being given antipsychotic drugs while she was at Mountain Park.  The allegations and claims did not arise until after each student left Mountain Park.  None of the Plaintiffs can prove that any one or more of the Defendants actually gave them an antipsychotic drug.  As a matter of law, without such proof, a submissible case for battery cannot be had.

9. Plaintiffs each allege a claim of negligent medical treatment or negligence for medical care.  However, summary judgment on their claims is appropriate because, (a) in Missouri, a claim of medical negligence arises out of the statute that establishes liability for licensed healthcare professionals and none of the Defendants falls within the statute, and; (b) to make a submissible case for medical negligence, one needs an opinion that the acts of Defendants fell below the standard of care and that said negligent acts resulted in cognizable injuries to Plaintiffs.  Here, Plaintiffs, after the completion of discovery, have no experts who can offer such testimony.  Therefore, they cannot make a submissible case for negligent medical treatment or medical negligence.

10. With respect to all of the claims advanced by Tracey Ozuna and Jessica Deboi, summary judgment should be granted to Defendant Sharon Goodman, because she was not an employee of Mountain Park at the time said plaintiffs were students there.

11. Defendants also seek to dismiss the claims advanced by Erika Teasley because, at the time of filing of this lawsuit, and currently, Ms. Teasley is a minor under the age of 18.  As such, she cannot maintain a cause of action in her own name in Missouri.

12. Defendants' Statement of Uncontroverted Material Facts, including exhibits, is filed herewith and incorporated herein by this reference.

13. Defendants' Memorandum of Law in Support of said Motion is filed herewith and incorporated herein by this reference.

WHEREFORE, Defendants pray this Honorable Court to:

(a) enter summary judgment in their favor and against Plaintiff Jamie Woods;

(b) enter summary judgment in their favor and against Plaintiff Shari Lueken;

(c) enter summary judgment in their favor and against Plaintiff Erika Teasley;

(d) enter summary judgment in their favor and against Plaintiff Tracey Ozuna;

(e) enter summary judgment in their favor and against Plaintiff Jessica Deboi;

(f) dismiss the claims made by Erika Teasley, Part 3, Counts I, II and III, because she is under the age of 18;

(g) assess costs against the aforementioned Plaintiffs; and

(h) for all other just and appropriate relief.

Respectfully submitted,

BROWN & JAMES, P.C.

  /s/ John D. Briggs
Steven H. Schwartz,  #4316
John D. Briggs,  #86025
1010 Market Street, 20th floor
St. Louis, Missouri  63101
314-421-3400
314-421-3128  FAX

*Attorneys for Defendants*

4

## **CERTIFICATE OF SERVICE**

       I hereby certify that on April 20, 2005, the foregoing was filed electronically with the Clerk of Court to be served by operation of the Court's electronic filing system upon the following:

| | |
|---|---|
| Mr. Oscar Stilley | Mr. John Oliver |
| Central Mall Plaza | Oliver, Oliver & Waltz, P.C. |
| Suite 520 | 400 Broadway |
| 5111 Rogers Avenue | Cape Girardeau, MO  63702 |
| Fort Smith, Arkansas  72903-2041 | *Attorneys for Co-Defendants* |
| *Attorney for Plaintiffs* | |

                                                                                   ___/s/ John D. Briggs_____

7764138