IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEAST DIVISION

JAMIE KAUFMANN WOODS; SHARI LUEKEN, A MINOR,
BY AND THROUGH HER NEXT FRIENDS,
RALPH LUEKEN AND MARILYN LUEKEN; RALPH LUEKEN;
MARILYN LUEKEN; ERIKA TEASLEY, A MINOR,
BY AND THROUGH HER NEXT FRIENDS, PAUL
DOUGLAS ("DOUG") HOOVER JR., AND KATRINA L. HOOVER;
PAUL DOUGLAS ("DOUG") HOOVER JR.; KATRINA  HOOVER;
TRACEY BRAZIL OZUNA, JESSICA DEBOI                                              PLAINTIFFS

vs.                        Case No. Case No. 1:03CV00105CAS

BOB WILLS, AKA BOBBY RAY WILLS, AKA W. B. WILLS;
BETTY SUE WILLS; SAM GERHARDT, AKA S.L. GERHARDT;
DEBORAH GERHARDT, AKA DEBBIE GERHARDT,
DBA MOUNTAIN PARK BOARDING ACADEMY;
JULIE GERHARDT; SHARON GOODMAN; and ANDREA HILL
                                                                                    DEFENDANTS

**MOTION TO EXTEND TIME FOR REPLY TO RESPONSE TO MOTION TO RECONSIDER "MEMORANDUM AND ORDER" RELATING TO DISCOVERY, ENTERED APRIL 8, 2005**, and **ALTERNATIVE MOTION FOR LEAVE TO COMPLETE THE DEPOSITIONS OF SHARON GOODMAN AND ANDREA HILL OUT OF TIME, IN THE SAME MANNER AS THE DEPOSITIONS OF PLAINTIFFS; AND MOTION FOR CLARIFICATION; and TO RESPOND TO MOTION TO COMPEL; and ALTERNATIVE REPLY and RESPONSE TO ABOVE DESCRIBED MOTIONS**

Come now Plaintiffs and for their motion to extend time, etc, and state:

The Defendants have claimed that they have agreed to produce Andrea Hill for telephone depositions. This is simply not true. In their pleadings, they left themselves enough wiggle room to claim that they had not actually promised to produce Andrea Hill, but to *try* to produce her. Seeking to eliminate this ambiguity, undersigned counsel sent an email at 4:10 PM on

1

Wednesday, 4-20-2005, which said:

Dear Mr. Briggs:

It seems to me that we are close to an agreement with respect to our discovery dispute in Woods. I do appreciate the fact that you have embarked upon substantial discussions with me concerning our discovery dispute. Let me lay out the current state of affairs, as I see them, and ask you to respond in writing prior to our next telephone conference. I will be out of the office this Thursday and Friday, but will be back in the office on Monday. My response and reply are due Tuesday.

We have a dispute as to what you originally offered. I remember distinctly saying that you could produce Sharon Goodman by phone, but that Andrea Hill could not or would not be produced by phone, during the deposition week. I would not agree to such a one sided bargain.

In your pleading you seem to say one place that you would _try_ to produce Andrea Hill telephonically, and in another place that you _would_ produce her telephonically. On the phone you have indicated that the answer was yes, you would produce her.

Please answer the following questions:

1) Do I understand correctly that you will definitely produce Sharon Goodman and Andrea Hill for their depositions, by telephone, presuming that we work out an agreement?

2) Do you agree that I will be allowed to ask sufficient questions to ensure that Goodman and Hill have had Plaintiffs' offer in compromise communicated to them for decision?

3) Are you willing to pay the costs of the second trip for the Plaintiffs that you wish to depose in person in St. Louis?

I have made a substantial concession in agreeing to allow your clients to be deposed by telephone, while mine show up live within the City of St. Louis. It seems to me that a fair resolution of the dispute is to allow you to have my clients live on condition that you pay for the second trip. You have cited caselaw suggesting that a plaintiff should be required to travel to the forum. I am going one step further and offering to produce them in your office, whereas Cape Girardeau is the venue. That is a material cost savings for your clients. I can find no caselaw suggesting that a plaintiff should be required to travel twice, where the travel was necessitated by a combination of the Defendants' use of a huge amount of time on one Plaintiff deponent, and the Defendants' refusal to cooperate in allowing all the noticed Defendants to be deposed.

2

> If you think I'm wrong on the law, tell me what you have in your responsive email. I am reasonable. Try to persuade me first, if you think you have authority for your position.
>
> Let's not waste the Court's time further. Lets agree that you get to depose Mr. Hoover and the Luekens in St. Louis, (giving me the option of attending by phone) and I get to depose Hill and Goodman on the phone. You will pay for the costs for the second trip to St. Louis, including travel, lodging, food, and reasonable incidentals for the entire trip. If you want a fixed cash amount, give me some suitable dates and I'll look at ticket and lodging prices, so we can let you know how many dollars would be required for a fixed sum agreement. Let me know how much time you want on our expert Dr. Corpus, and I will let you know how much you need to provide for that.
>
> A set of suitable dates for the depositions (including dates that you can produce Hill and Goodman) will also allow us to represent to the Court the tenor of the order that would be needed to effectuate our agreement. I would like to depose Hill and Goodman as soon as possible.
>
> Thank you for your consideration in this matter.
>
> Oscar Stilley
>
> os

No response being forthcoming, Plaintiff counsel, in response to an email from Mr. Briggs, sent the following email on the following day, Thursday, April 21, 2005. (Immaterial parts are omitted.)

```
How about my deal with respect to discovery?  Is that still
under consideration?

Oscar

-----Original Message-----
From: John Briggs [mailto:J2B@bjpc.com]
Sent: Thursday, April 21, 2005 8:00 AM
To: Stilley, Oscar
Cc: joliver@oliverlaw.com
Subject: Woods v. Wills

Your most recent settlement demand directed to Sharon
Goodman and Andrea Hill is rejected.
```

3

When no response was had, Plaintiff counsel sent the following email message on Tuesday, April 26, at 1:58 PM:

> Dear Mr. Briggs:
>
> You have not responded to my recent communications concerning discovery. My response and reply are due today. Please promptly contact me.
>
> Oscar Stilley
>
> Os

As of this writing, about 11:00 PM on the deadline for response, Mr. Briggs has not responded.

Plaintiffs have tried valiantly to settle the discovery issues. The Defendants requested that they get hair samples for tests, the results of which would not be available to Plaintiffs unless Defendants chose to offer same for trial. This Court granted that motion.

Defendants now attempt to persuade the Court that they have communicated in good faith, in an attempt to settle the dispute. It is clear that the Defendants had the email of Wednesday, April 20, 2004, they did in fact respond to one question. They simply clammed up about the other two questions.

It is unfair to the Plaintiffs if the Defendants are allowed to circumvent the rule requiring counsel to negotiate in good faith. In essence, that gives the Defendants a hickory baseball bat, while giving the Plaintiff a swimming pool noodle, or perhaps on a good day a peach limb switch, and telling us to do battle. When the Defendants know that they will get very favorable treatment from the Court, they have little incentive to do anything except run to the Court if they don't get exactly what they want when they want it. It is in the District Court's best interest to draw a just and appropriate line concerning any motions before it, thus giving both sides good reason to think hard before troubling the Court with petty complaints.

Defendants cite *Braxton v. Bi-state Development Agency,* 728 F.2d 1105 (8th Cir. 1984) for the theory that the District Court can decide what local rules to overlook. The Court in that case said:

> [7] We also conclude that Judge Nangle did not abuse his discretion in dismissing the second-filed action, our case No. 82-2506. Rules of practice adopted by United States District Courts have the force and effect of law. *Rosenfield v. Kay Jewelry Stores, Inc.*, 400 F.2d 89, 90 (10th Cir. 1968); *Woods Construction Co. v. Atlas Chemical Industries, Inc.*, 337 F.2d 888, 890 (10th Cir. 1964). The rules of the District Court for the Eastern District of Missouri were adopted pursuant to 28 U.S.C. § 2071 (Supp. V 1981). It is for the district court to determine what departures from its rules may be overlooked. *Allen v. U.S. Fidelity & Guaranty Co.*, 342 F.2d 951, 954 (9th Cir. 1965). The court did not deal with a complaint filed by a pro se litigant, but rather one filed by a member of the bar. Its determination that a xerox copy with penned deletions and additions did not comply with its rules was not an abuse of discretion.

This case reasonably says that a District Court can reject a clearly noncompliant pleading, subject to the abuse of discretion test on appeal. This case should not be construed to allow a District Court to excuse one side from making even the most perfunctory attempt at complying with the rules, while holding the other side to a very strict interpretation of the rules.

Plaintiffs respectfully request that the Court extend the time for Plaintiffs' reply and response, to allow Mr. Briggs, counsel for Defendants, more time to decide how he wants to respond to the attempt to pin the Defendants down concerning their representations. An additional 10 days would be fair. This Court might well be advised to say that the Defendants' requests will be denied with prejudice if they fail to communicate in good faith within 10 days.

Alternatively, Plaintiffs submit that the District Court should accept this pleading, and deny the Defendants any relief for their failure to deal in good faith while representing to the Court that they are dealing in good faith. An order commanding Defendants to make Hill and Goodman appear for depositions, by telephone or in person as the Court deems just, while the

Defendants think about the proper response to the other questions, might be just the ticket for encouraging Defense counsel to engage in good faith discussions as required by the rules.

If the Court does enter an order of compulsion, Plaintiffs pray that Andra Hill and Sharon Goodman be compelled to give deposition testimony, and that the Defendants pay the costs associated with the second trip to St. Louis, by Mr. Hoover and the Luekens, as a condition of having live testimony.

WHEREFORE, Plaintiff prays that the Court reconsider and vacate the order of April 8, 2005, or in the alternative order that the Defendants present those parties that they have not presented for depositions, or in the alternative clarify the meaning of its order stating that it is directory only, with no adverse consequences for any Plaintiff regardless of whether they choose to participate or abstain from depositions; deny the motion to compel; alternatively to compel the depositions of Sharon Goodman, Andrea Hill, Doug Hoover, and Ralph and Marilyn Lueken on such terms as it finds just; and for such other, further, or alternative relief as may be appropriate.

By:   /s/ Oscar Stilley
Oscar Stilley, Attorney at Law
Central Mall Plaza Suite 520
5111 Rogers Avenue
Fort Smith, AR 72903-2047
Attorney for Plaintiff
479 996-4109
479 996-3409 Fax 501-325-1815 alt fax
oscar@oscarstilley.com

**CERTIFICATE OF SERVICE**

I, Oscar Stilley, by my signature above certify that I have this April 26, 2005 served the defendants with a copy of this pleading electronically by CM/ECF to: John Oliver, Attorney at law, Oliver, Oliver, & Waltz, PO Box 559, Cape Girardeau, MO, 63702-0559; and John Briggs, Attorney at law, Brown & James, P.C., 1010 Market Street, 20th Floor, St. Louis MO 63101-2000.