UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| JAMIE KAUFMANN WOODS, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | No. 1:03-CV-105 CAS |
| ) | |
| BOB WILLS, et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on several motions relating to discovery: plaintiffs' motion for reconsideration of the Court's Order of April 8, 2005, defendants' motion to compel the depositions of plaintiffs Paul Hoover, Jr., Ralph Lueken and Marilyn Lueken, and defendants' motion to strike plaintiffs' expert, or in the alternative to compel expert deposition. The parties oppose each others' motions.

**Background**.

The discovery cutoff date in this case was March 31, 2005. On April 1, 2005, defendants filed a motion for leave to depose out of time three plaintiffs, Paul Hoover, Jr., Marilyn Lueken and Ralph Lueken, and plaintiffs' toxicology expert, Dr. Ben Corpus. The Court granted defendants' motion over plaintiffs' objections, by Order dated April 8, 2005. The Court stated in the Order that it did not "construe the defendants' motion for leave to take depositions out of time as a motion to compel" and therefore found that the "good-faith certification requirement of Local Rule 3.04" did not apply. The Court also noted that the defendants did not ask for any deadlines in the case to be changed, but rather sought permission from the Court to complete depositions following the acknowledged close of discovery. The Court granted defendants' motion for leave to depose Mr. Hoover and the Luekens in St. Louis, and of Dr. Corpus in Columbus, Ohio. The Order stated in part, "The Court

expects the parties to confer and agree on dates and time for these depositions, which shall be completed by April 20, 2005, without necessity of intervention by the Court."

Plaintiffs move for reconsideration of the Order of April 8, 2005, asserting that the Court has ignored Local Rule 3.04 and did not find "exceptional cause" warranting a modification of the deadlines established in the case, despite its prior order of January 27, 2005, which stated that no further modifications to deadlines would be made absent such a showing.  Plaintiffs also ask in the body of their motion for reconsideration that defendants be required to produce defendants Andrea Hill and Sharon Goodman, who defendants had failed to produce in response to deposition notices. Finally, plaintiffs ask in the alternative for the Court to "clarify the meaning of its order" of April 8, 2005 to state whether it is "directory only, with no adverse consequences for any Plaintiff regardless of whether they choose to participate or abstain from depositions."

Defendants oppose the motion for reconsideration, asserting that the Court has the authority to make exceptions to its local rules.  Defendants also state that plaintiffs in the motion for reconsideration raised for the first time raised arguments concerning the depositions of Hill and Goodman.  Defendants state that they offered to make Hill and Goodman available for telephone deposition or in northern Iowa and Tennessee where the live.  Defendants state that generally, a defendant should not be compelled to travel from his or her home to a distant cite for deposition selected by the plaintiff, while a plaintiff must typically appear for deposition in the forum, citing cases from various jurisdictions.

Separately, defendants filed a motion to compel the depositions of Mr. Hoover and the Luekens in St. Louis, in accordance with the Court's Order of April 8, 2005 and notices of deposition issued to these plaintiffs.

In response, plaintiffs filed a document entitled, "Motion to Extend Time for Reply to Response to Motion to Reconsider "Memorandum and Order" Relating to Discovery, Entered April 8, 2005, and Alternative Motion for Leave to Complete the Depositions of Sharon Goodman and Andrea Hill Out of Time, in the Same Manner as the Depositions of Plaintiffs; and Motion for Clarification; and to Response to Motion to Compel; and Alternative Reply and Response to Above Described Motions."

This singularly-named document asserts, inter alia, that defendants have never agreed to produce Hill for deposition, and includes some of the correspondence which plaintiffs' counsel sent to defendants' counsel in attempting to resolve the discovery issues.  Plaintiffs seek an additional ten days in which to make further response, but in the alternative ask the Court to accept their reply, and order defendants to make Hill and Goodman appear for deposition, whether by telephone or in person, and that the defendants be ordered to pay costs associated with having Mr. Hoover and the Luekens appear in St. Louis for deposition.[1]

Subsequently, defendants filed a motion to strike plaintiffs' toxicology expert Dr. Corpus, asserting that the parties had agreed Dr. Corpus should be deposed in Columbus, Ohio on April 20, 2005, but on the morning of the deposition, neither Dr. Corpus nor plaintiffs' counsel appeared. Plaintiffs respond that they did not agree to produce Dr. Corpus for deposition while defendants continued to refuse to produce Hill and Goodman.  Plaintiffs state that counsel communicated in good faith in an attempt to resolve the dispute without Court involvement, but were unable to do so.

---

[1]The Court will deny plaintiffs' request for additional time to reply in support of their motion for reconsideration and will grant their alternative request to accept the above-titled document as filed.

Plaintiffs also state that they have not failed to comply with any scheduling order, and that defendants have therefore failed to show any cause to strike their expert.[2]

**Discussion.**

As a preliminary matter, the Court finds misplaced plaintiffs' concern over the Court's "failure" to apply Local Rule 3.04 to defendants' original motion for leave to take depositions out of time. "It is well settled in [the Eighth Circuit] that 'the district court has considerable leeway in the application of its local rules.'" In re General American Life Ins. Sales Practices Litig., 268 F.3d 627, 635 (8th Cir. 2001) (quoting Silberstein v. IRS, 16 F.3d 858, 860 (8th Cir. 1994)). The Eighth Circuit "has previously stated that it is for the district court to determine what departures from its local rules of practice may be overlooked." Id. (quoting Trundle v. Bowen, 830 F.2d 807, 809 (8th Cir. 1987)). See, e.g., Silberstein, 16 F.3d at 860 (district court did not abuse discretion in considering dispositive motion which was arguably filed less than forty-five days prior to the trial date as required by local rule); Reyher v. Champion Int'l Corp., 975 F.2d 483, 489 (8th Cir. 1992) (district court did not abuse its discretion in awarding attorney's fees even though the motion for fees was filed more than 30 days late under the applicable local rule). Moreover, a Court certainly has the authority to modify the deadlines that it has imposed in a case, or to modify any interlocutory order it has issued.

This case is set for trial in Cape Girardeau on September 12, 2005, and it is the only case on that docket. Although the discovery deadline had just passed when defendants' motion for leave to depose out of time was filed, defendants informed the Court that three plaintiffs and one of plaintiffs'

---

[2]Plaintiffs filed a second response to the motion to strike their expert, which contains the text of various e-mail transmissions between counsel.  In the future, counsel should file one response to a motion, not a response and a memorandum in support of the response.  (In contrast, a motion should typically be accompanied by a memorandum in support.  See E.D. Mo. Local Rule 4.01(A)).

4

expert had not yet been deposed, in part because these individuals lived outside of the State of Missouri.  In opposing the motion, the plaintiffs argued the lack of a good faith effort to resolve under Local Rule 3.04, stated that they had not been able to depose two parties, argued that "exceptional cause" did not exist to allow the discovery, and urged the Court to deny the motion in order to force the parties to work out their differences.

The discovery provisions of the Federal Rules of Civil Procedure call for the open exchange of information between the parties well prior to trial, in order to fully uncover and develop the facts and issues, and to avoid surprise and trial by ambush.  With trial approaching and faced with a situation where the defendants had not been able to depose three parties and an expert, and in the absence of any motion by plaintiffs seeking to compel the depositions of defendants Hill and Goodman, the Court concluded that permitting the late depositions was the appropriate thing to do, and issued the ruling that it did.  The Court did not consider defendants' motion as a motion involving discovery within the meaning of Local Rule 3.04 requiring a good faith effort to resolve, in part because defendants merely asked for additional time and did not indicate that plaintiffs were refusing to provide the witnesses for deposition.  It did not seem prudent to deny the motion and direct the parties to attempt to work out their differences with trial approaching, given that the parties had not been able to get the discovery completed on their own even though this case was filed in September 2003 and the first Case Management Order was issued in March 2004.  The Court's focus at this point is necessarily getting the case ready for trial in September.  A case is not ready for trial if parties have not been deposed.

It is apparent to the Court that the parties are not able to work together to complete the discovery in this case, based on the motions and responses filed by counsel and the fact that although discovery has closed, five parties remain to be deposed in addition to an expert.  Defendants have

5

now filed two motions for summary judgment. The trial date is almost a month closer than it was on April 8, 2005 when the Court issued the order which plaintiffs seek to have reconsidered, and no further discovery has occurred. To respond to plaintiffs' question concerning clarification, the Court's Order of April 8, 2005 granted defendant leave to depose the three plaintiffs and Dr. Corpus out of time, and did not order those individuals to appear for deposition, as the issue of compelling their appearance was not before the Court. The issue is now before the Court, however, on defendants' motion to compel depositions and motion to strike expert testimony or in the alternative to compel.

In the exercise of its discretion, the Court will order that plaintiffs Mr. Hoover and Mr. and Mrs. Lueken, and defendants Ms. Hill and Ms. Goodman, be deposed by telephone no later than June 6, 2005. The normal presumption is that a defendant may take a plaintiff's deposition where the suit was filed, and that a plaintiff may take a defendant's deposition where the defendant resides. See, e.g., ABA Civil Discovery Standards, § V.16.f. (Aug. 2004). Because plaintiffs filed the lawsuit, they would normally be required to appear for deposition in the forum, and travel to the place of defendants' residence to take their depositions, but the Court declines to apply the general presumption in this case given the approaching trial date, in the interest of saving time and expense.

With respect to Dr. Corpus, defendants may elect whether they wish to depose him by telephone, video, or in person in Columbus, Ohio, with the deposition to be completed by June 6, 2005.

Accordingly,

**IT IS HEREBY ORDERED** that defendants' motion to compel depositions and plaintiffs' motion for reconsideration are **GRANTED** to the extent set forth above and **DENIED** in all other respects. [Doc. 52, 48]

**IT IS FURTHER ORDERED** that the depositions of Paul Hoover, Jr., Marilyn Lueken, Ralph Lueken, Sharon Goodman and Andrea Hill shall be taken by telephone, and shall be completed no later than **June 6, 2005**. If any party is not deposed by that date, that party will not be permitted to offer testimony at trial, and the Court reserves the right to make additional orders with respect to this issue as may be appropriate.

**IT IS FURTHER ORDERED** that defendants' motion to strike expert testimony or in the alternative to compel expert testimony is **GRANTED in part** and **DENIED in part**; defendants' alternative motion to compel expert testimony is **GRANTED** and the motion to strike is **DENIED**. [Doc. 62]

**IT IS FURTHER ORDERED** that plaintiffs shall make Dr. Ben Corpus available for deposition either by telephone, video, or in person in Columbus, Ohio. The deposition of Dr. Corpus shall take place by **June 6, 2005**. Defendants shall notify plaintiff in writing within five (5) days of the date of this order of the manner in which they elect to depose Dr. Corpus. If plaintiffs do not make Dr. Corpus available for deposition both within the time ordered and in the manner elected by defendants, neither his testimony nor any expert report or opinion he has prepared will be allowed at trial. The Court reserves the right to make additional orders with respect to this issue as may be appropriate.

_/s/ Charles A. Shaw_
**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**

Dated this  6th  day of May, 2005.