IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | | |
|---|---|---|
| JAMIE KAUFMANN WOODS, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | Case No.:  1:03CV00105 CAS |
| | ) | |
| BOB WILLS, et al. | ) | |
| | ) | |
| Defendants. | ) | |

## DEFENDANTS' OBJECTIONS TO PLAINTIFF'S EXHIBITS

Defendants hereby submit their objections to the following Exhibits that plaintiffs intend to offer into evidence at trial:

Exhibit 1- partial copy of a newsletter from Mountain Park Baptist Boarding Academy; this is irrelevant and immaterial to the plaintiffs' claims of battery and negligence with respect to addressing health issues of the plaintiffs.

Exhibits 7 and 8- Palm Lane corporate information sheet and photos of Palm Lane campus; these are irrelevant and immaterial to the plaintiffs' claims of battery and negligence because the plaintiffs never attended Palm Lane Baptist Church and Boarding Academy.

Exhibit 9- 2002 article from the St. Louis Post-Dispatch newspaper; this is irrelevant and immaterial to plaintiffs' claims of battery and negligence.  Further, it does not address any of the claims made by the plaintiffs.  Rather, it contains double and triple hearsay.

Exhibits 10, 11 and 12- original and corrected requests and orders for execution garnishment and interrogatories directed to a garnishee in an unrelated Missouri state court case. These are immaterial and irrelevant to the plaintiffs claims and they do not shed light on plaintiffs' claims.

Exhibits 13 and 14- warranty deed and copy of a website page.  These documents are not relevant or material to plaintiffs' claims for battery or negligence.

Exhibits 15 through 52- These exhibits are all newspaper articles relating to Defendants' past lawsuits and operation of a boarding school other than Mountain Park.  These are not relevant or material to the claims made by the plaintiffs in this case.  None of the articles contain any information relating directly to any of the plaintiffs.  Further, the articles are full of double and triple hearsay and plaintiffs cannot offer a foundational mechanism for their admission.

Exhibits 53 and 54- These are two newspaper articles addressing a criminal incident between unsupervised students on the campus.  None of the students involved in the incident is a party to this case.  These articles are not relevant or material to the plaintiffs' claims of battery and negligence.  Further, the articles are full of double and triple hearsay.

Exhibit 74- alleged laboratory reports from Laboratory Corporation of America and or Toxicology Associates.  This relates to the alleged surreptitious administration of chlorpromazine or other behavior modification drugs.  The Court has already excluded evidence relating to this issue from the case.  Therefore, said documents should be excluded.  Further, plaintiffs have no mechanism for laying a foundation for these documents.

Exhibits 82 and 83- expert reports from Benjamin Corpus and Jeffrey Kline.  The Court has already excluded testimony, opinions and reports from Benjamin Corpus.  There is no basis for offering his purported report into evidence.  As for Jeffrey Kline, he was the psychologist identified to offer opinions about alleged post-traumatic stress disorder suffered by Shari Lueken and Erika Teasley in support of their claims for emotional distress.  The Court granted Defendants' motion for summary judgment on those counts and expressly found that, as a

psychologist, Jeffrey Kline is not qualified to offer opinions in the case.  Therefore, his report is not relevant.

Defendants reserve the right to supplement their objections to these proposed exhibits.

Respectfully submitted,

BROWN & JAMES, P.C.


   /s/ John D. Briggs
Steven H. Schwartz,  #4316
John D. Briggs,  #86025
1010 Market Street, 20th floor
St. Louis, Missouri  63101
314-421-3400
314-421-3128  FAX

*Attorneys for Defendants*

## CERTIFICATE OF SERVICE


I hereby certify that on November 22, 2005, the foregoing was filed electronically with the Clerk of Court to be served by operation of the Court's electronic filing system upon the following:

Mr. Oscar Stilley                              Oliver, Oliver & Waltz, P.C.
7103 Racetrack Loop                     400 Broadway
Fort Smith, Arkansas  72916        Cape Girardeau, MO  63702
*Attorney for Plaintiffs*                    *Attorneys for Co-Defendants*


   /s/ John D. Briggs

7811048