IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| JAMIE KAUFMANN WOODS, et al., | )<br>)<br>) |
| Plaintiffs, | )<br>) |
| vs. | ) Case No.: 1:03CV00105 CAS<br>) |
| BOB WILLS, et al. | )<br>) |
| Defendants. | ) |

**DEFENDANTS' OBJECTIONS TO PLAINTIFFS' PROPOSED
JURY INSTRUCTIONS AND DEFENDANTS' PROPOSED INSTRUCTIONS**

Defendants hereby submit their objections to plaintiffs' proposed jury instructions and Defendants' proposed jury instructions:

**A.     Objections to Plaintiffs' Proposed Instructions**

Defendants hereby make the following objections to plaintiffs' proposed jury instructions:

**1.     General Objections.**

Per the Court's Case Management Order, the Court uses Missouri Approved Instructions (MAI) for state law claims. The remaining claims in this case arise under Missouri law, and MAI should be followed. Plaintiffs misapplied MAI, by failing to follow the rules for packaging instructions and enumerating instructions. Under Missouri law, the failure to properly package instructions is error.

**2.     Specific Objections.**

Defendants' objections to Plaintiffs' specific instructions are listed by reference number:

1.04   Juror Notetaking- Defendants submit that jurors should not be permitted to take notes during the trial.

8.01   Agency- This instruction is not relevant to the parties or claims in this case. The instruction specifically states that it relates to a corporation. A corporation is not a party to this lawsuit.

10.01   Exemplary Damages for Battery- This instruction is improper since there has been no showing that either Tracey Brazil Ozuna or Jamie Kaufmann Woods are entitled to an instruction for punitive damages for battery.

10.02   Exemplary Damages for Negligence- This instruction is improper since there has been no showing that any of the plaintiffs are entitled to submit a punitive damages instruction to the jury.

11.06   Definition of negligence for health care providers- Plaintiffs have altered this MAI instruction to apply to a custodian. However, this makes no sense. The use of this instruction in any form is improper since the Court already held that defendants cannot be held to any standard of a health care provider.

21.01   Verdict Directing against Health Care Providers- Plaintiffs have butchered the verdict director addressing negligence of health care providers. This is wholly inappropriate. Plaintiffs' proposed instruction fails to comply with the form and procedure of MAI, and it fails to identify the act which gives rise to the cause of action. Plaintiffs' proposed instruction also constitutes a roving commission.

23.02   Verdict Directing – Battery- Plaintiffs' proposed instruction fails to comply with the form and procedure of MAI.

4.01 Damages- personal and property-  This instruction should be in the beginning of the packet with the other damage instructions.  Further, the use of the language "and is reasonably certain to sustain in the future" is inappropriate in this case.

36.11 Numerous Verdict Forms- Plaintiffs improperly copied and applied the verdict forms.  Further, the inclusion of punitive damages is inappropriate for the reasons expressed above and Defendants reserve the right to expound on the objections to the proposed instructions.

23.01 Assault- Shortly before filing its objections, Defendants' counsel was advised by Plaintiffs' counsel that he wanted to submit a proposed verdict directing instruction.  Defendants vigorously object to the proposed instruction because Plaintiffs failed to timely file a proposed instruction or indicate that they were going to proceed on any assault claims.  Defendants further object to such a submission because there are no allegations in the complaint that could justify such a claim and because a battery claim implicitly covers assault under Missouri law.  Finally, Defendants object to Plaintiffs' proposed instruction because it fails to comply with the form of MAI and it commits a roving commission.

**B.     Defendants' Proposed Jury Instructions**

See attached affirmative defense instructions.  Defendants reserve the right to supplement and amend their proposed instructions.  Defendants specifically reserve the right to offer converse instructions and comparative fault instructions once plaintiffs have submitted acceptable verdict director and damage instructions.  Further, upon instruction, Defendants will submit proposed verdict directing and damage instructions.

Respectfully submitted,

BROWN & JAMES, P.C.


  /s/ John D. Briggs
Steven H. Schwartz, #4316
John D. Briggs, #86025
1010 Market Street, 20th floor
St. Louis, Missouri 63101
314-421-3400
314-421-3128  FAX

*Attorneys for Defendants*


**CERTIFICATE OF SERVICE**

I hereby certify that on December 2, 2005, the foregoing was filed electronically with the Clerk of Court to be served by operation of the Court's electronic filing system upon the following:

| | |
|---|---|
| Mr. Oscar Stilley | Oliver, Oliver & Waltz, P.C. |
| 7103 Racetrack Loop | 400 Broadway |
| Fort Smith, Arkansas 72916 | Cape Girardeau, MO 63702 |
| *Attorney for Plaintiffs* | *Attorneys for Co-Defendants* |


  /s/ John D. Briggs

7868775

4

## INSTRUCTION NO. \_\_\_\_

Your verdict on Instruction Number \_\_ must be for Defendant Deborah Gerhardt if you believe that Tracey Brazil Ozuna's parents, by words or conduct, consented to the acts of Defendant and the reasonable consequences thereof.

MAI 32.08 [1969 New] Affirmative Defenses—Battery—Consent

*Phelps v. Bross*, 73 S.W.3d 651, 656-657 (Mo. App. 2002); *Byrne v. Nezhat*, 261 F.3d 1075, 1109 (11th Cir. 2001); *Conte v. Girard Orthopedic Surgeons Med. Group, Inc.*, 107 Cal. App.4th 1260, 1268 (4 Dist. 2003).

**INSTRUCTION NO. \_\_\_\_**

Your verdict on Instruction Number \_\_ must be for Defendant Betty Wills if you believe that one or more of Jamie Kaufmann Woods's parents, by words or conduct, consented to the acts of Defendant and the reasonable consequences thereof.

MAI 32.08 [1969 New] Affirmative Defenses—Battery—Consent

*Phelps v. Bross*, 73 S.W.3d 651, 656-657 (Mo. App. 2002); *Byrne v. Nezhat*, 261 F.3d 1075, 1109 (11th Cir. 2001); *Conte v. Girard Orthopedic Surgeons Med. Group, Inc.*, 107 Cal. App.4th 1260, 1268 (4 Dist. 2003).

**INSTRUCTION NO. \_\_\_\_**

Your verdict on Instruction Number \_\_ must be for Defendant _____ if you believe:

That Plaintiff _____ did not tell any of the named Defendants that:

Plaintiff _____ missed her period after an excessive length of time, or

Plaintiff _____ was constipated for an excessive length of time

MAI 33.01 [1996 Revision] Converse Instructions—General Comment

MAI 33.05(1) [1993 Revision] Converse Instructions—Coonversing Verdict Directing Instruction Using Affirmatve Converse—"If You Believe" Introduction

*Stineman v. Fontbonne College*, 664 F.2d 1082 (8th Cir. 1981)

7