IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| JAMIE KAUFMANN WOODS, et al., | ) ) ) |
| Plaintiffs, | ) ) |
| vs. | ) Case No.: 1:03CV00105 CAS ) |
| BOB WILLS, et al. | ) ) |
| Defendants. | ) |

**DEFENDANTS' MOTION IN LIMINE TO EXCLUDE THE
REPORT, TESTIMONY AND OPINIONS OF JEFFREY KLINE**

Defendants move this Court in limine to exclude the report, testimony and opinions of Jeffrey Kline, Ph.D. For their Motion, Defendants state:

1. Plaintiffs' Complaint contains numerous claims, including: claims of false imprisonment, violations of the Fair Labor Standards Act, 29 U.S.C. § 206, et seq., violation of the Americans with Disabilities Act, intentional infliction of emotional distress, conversion, battery and negligence with respect to the degree of care-giving provided by Defendants.

2. Plaintiffs Shari Lueken and Erika Teasley both alleged claims of intentional infliction of emotional distress against Defendants. In relation to their claims, they were evaluated by Jeffrey Kline, Ph.D. in their then-current conditions in December 2004. Dr. Kline is a psychologist. Dr. Kline did not perform any evaluations on Jamie Kaufmann Woods, Tracey Brazil Ozuna or Jessica Deboi.

3. The Court has indicated that the plaintiffs can proceed on a theory that Defendants negligently failed to obtain appropriate medical assistance for an injured or ill

student. The elements of the claim are that: (a) the defendant must have been able to appreciate the severity of plaintiff's injury, (b) one or more of the defendants had the skill to obtain the adequate treatment, and (c) if adequate medical attention had been provided, it would have avoided the injury's ultimate harm. *See Stineman v. Fontbonne College*, 664 F.2d 1082, 1086 (8th Cir. 1981). In *Stineman*, a college student suffered a visible injury when she hit by a softball directly in the eye. Despite the fact that the coaches acknowledged that they knew first aid and that they were aware that permanent loss of vision to the eye could result from blunt trauma, none of the coaches advised the student to seek medical attention. *Id.* at 1085. In her case, the student's treating ophthalmologist testified that, had she sought immediate medical attention, she had a ninety percent chance of keeping her vision. However, since she was not directed to immediate medical attention, she lost the vision in that eye. *Id.*

4. In this case, the health conditions plaintiffs allege include missed periods, constipation, swallowing a safety pin and a tooth ache. Based on the elements of the claim, plaintiffs must show that their conditions became worse or their injuries were more severe or permanent because one or more of the defendants did not refer them to a medical professional or did not refer them to a medical professional sooner. *See id.*

5. In *Stineman*, the plaintiff's treating physician testified that the failure to get immediate medical attention made her condition worse and resulted in permanent injury. Thus, expert testimony was the basis for proving the third element of the claim. The only expert witness plaintiffs have identified is Dr. Kline. However, Dr. Kline cannot offer such opinions. He is a psychologist, not a medical doctor. (Exhibit , attached to Amended Motion for Summary Judgment at 7). Therefore, he cannot offer opinions about: whether

the missed periods led to permanent injury or required medical care; whether the constipation resulted in severe or permanent pain or injury to any of the students; whether not being taken to the dentist sooner made the condition worse or permanent or whether any of the conditions became worse; or whether treating the alleged swallowed safety pin with bread resulted in severe or permanent injury.

6.     Even if the students suffered emotional stress associated with missing one's period, having constipation, swallowing a safety pin or having a toothache, Dr. Kline cannot offer opinions about that.  Indeed, Dr. Kline does not even reference missed periods, having constipation, swallowing a safety pin or having a toothache in his reports.  He evaluated two students based on their psychological condition as of December 2004, not while they were experiencing the alleged missed periods, constipation, toothache and ingestion of a safety pin.  He cannot offer any testimony about the pain and suffering they experienced *during* the alleged conditions.  Further, plaintiffs have no evidence to support that any of those conditions continued after they left Mountain Park.  Thus, testimony about the condition of the students after they left Mountain Park is irrelevant.

7.     Dr. Kline's testimony and opinions are not relevant or material to the alleged injuries associated with the any other issue in the case.  Therefore, he should be precluded from offering testimony at trial.

WHEREFORE, Defendants pray this Court to exclude facts, contentions, statements, conclusions and references to the aforementioned issues from the trial, and for all other just and appropriate relief.

        Respectfully submitted,

        BROWN & JAMES, P.C.

   /s/ John D. Briggs
Steven H. Schwartz,  #4316
John D. Briggs,  #86025
1010 Market Street, 20th floor
St. Louis, Missouri  63101
314-421-3400
314-421-3128  FAX

*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that on December 2, 2005, the foregoing was filed electronically with the Clerk of Court to be served by operation of the Court's electronic filing system upon the following:

| | |
|---|---|
| Mr. Oscar Stilley | Oliver, Oliver & Waltz, P.C. |
| 7103 Racetrack Loop | 400 Broadway |
| Fort Smith, Arkansas  72916 | Cape Girardeau, MO  63702 |
| *Attorney for Plaintiffs* | *Attorneys for Co-Defendants* |

   /s/ John D. Briggs

7867625