IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| JAMIE KAUFMANN WOODS, et al., | ) ) ) |
| Plaintiffs, | ) ) |
| vs. | ) Case No.: 1:03CV00105 CAS ) |
| BOB WILLS, et al. | ) ) |
| Defendants. | ) ) |

**DEFENDANTS' MOTION IN LIMINE AS TO MATTERS RELATED
TO ISSUES THAT HAVE BEEN DISMISSED OR EXCLUDED FROM THE CASE**

Defendants move this Court in limine to preclude Plaintiffs or their counsel from offering testimony or other evidence, or asking questions or making statements at trial that are inadmissible because they are irrelevant, immaterial and prejudicial, and their prejudicial effect outweighs all probative value.  For their Motion, Defendants state:

1. Plaintiffs' Complaint contained numerous claims, including: false imprisonment, violations of the Fair Labor Standards Act, 29 U.S.C. § 206, et seq., violation of the Americans with Disabilities Act, intentional infliction of emotional distress, conversion, battery and negligence with respect to the degree of care-giving provided by Defendants.

2. Defendants filed motions for summary judgment on all of the claims in plaintiffs' Complaint, and in its November 18, 2005 Memorandum, Order, and Judgment Orders, this Court entered summary judgment in favor of all of the Defendants as to all claims, except:

    a. Tracey Brazil Ozuna's claim of battery against Deborah Gerhardt in relation to alleged paddling committed by a non-party to the lawsuit;

  b.  Jamie Kaufmann Woods's claim of battery against (i) Betty Wills for allegedly poking Ms. Woods in the sternum, and (ii) Andrea Hill for allegedly pushing Ms. Woods to the ground; and

  c.  Negligently failing to provide medical care to the plaintiffs.

2. As to the remaining battery claims, there are few evidentiary issues as outlined by MAI 23.02 and the affirmative defenses, i.e., was there a battery, was there consent, was their authorization and was the plaintiff damaged and, if so, in what amount.

3. Per the Court's November 18, 2005 Memorandum and Order, there are few evidentiary issues related to the claims of negligence, specifically: (1) whether the plaintiffs told the defendants of a medical or health complaint, (2) whether the Defendants, acting as lay people, negligently failed to sufficiently address the complaint, and (3) whether such failure caused any damages to plaintiffs.

4. Federal Rule of Evidence 402 provides that all relevant evidence is admissible, and that evidence which is not relevant is not admissible at trial. Statements or evidence related to the claims and issues already resolved by this Court, and which are not related to the plaintiffs' remaining claims should be excluded at trial. The failure to exclude irrelevant evidence regarding dismissed claims would be highly prejudicial and the prejudicial effect would outweigh any probative value. Thus, Federal Rule of Evidence 403 mandates that these matters be excluded. The issues to be excluded include:

  a.  Any evidence or argument that Defendants engaged in the surreptitious administration of any behavior modification medicines to the plaintiffs, including but not limited to, all references to drugs with the trade names Thorazine, Mellaril and Tegretol. This also includes references to alleged drug testing, drug test results,

    students believing that they were drugged and references to toxicology. The Court has already granted summary judgment on these issues. Any references to alleged drugging during the trial would be highly prejudicial and would not support the remaining claims;

b. Any evidence or argument that Mountain Park and Palm Lane are "lock down" facilities or that they are equivalent to jails or prisons;

c. Any evidence or argument about the corporate status of Mountain Park or Palm Lane Baptist Boarding Academy. The Court and plaintiffs have already established that the claims made by the plaintiffs are made against individuals. Further, all references to Palm Lane are irrelevant and immaterial in this case because none of the plaintiffs attended Palm Lane;

d. All evidence and argument that Defendants engaged in brainwashing;

e. All evidence and argument that Defendants engaged in acts of cruel and unusual punishment;

f. All references to other students or alleged acts inflicted upon other students by the Defendants;

g. All evidence and argument that Defendants use or retain persons armed with firearms to patrol Mountain Park and Palm Lane;

h. All references to Defendants' past lawsuits and the operation of boarding schools other than Mountain Park, including but not limited to references to newspaper articles;

i. All evidence and argument regarding Plaintiffs' alleged "work" as "security guards";

j.  All references to property ownership by any of the Defendants;

k.  All evidence and argument that Defendants engaged in trafficking of children;

l.  All evidence and argument that buildings at Mountain Park allegedly did not have suitable fire exits or means of emergency egress;

m.  All evidence and argument that Defendants allegedly limited toileting;

n.  All evidence and references to chores or jobs and issues relating to the Fair Labor Standards Act;

o.  All evidence and argument concerning alleged violations of the Americans with Disabilities Act ("ADA"), and references to accessibility by Jamie Woods to hearing aids;

p.  All references to mental or emotional distress allegedly suffered by students as a result of attending Mountain Park or being under Defendants' care;

q.  All evidence and argument that Shari Lueken saw an eye doctor who commented that her eyesight had deteriorated while she was at Mountain Park, as alleged in paragraph 160 of the Complaint;

r.  All evidence and argument that Erika Teasley suffered burns on her arm while at Mountain Park.  Plaintiff Teasley already admitted that none of the Defendants committed a physical battery as to her, and she admits in her Complaint that none of the Defendants were told about the alleged burns (see Complaint ¶ 214);

s.  All evidence and argument that Defendants used "security services," "escort services" or "bounty hunters" to transport students to Mountain Park;

t.  All references to the homicide of Will Futrelle in 1996 by other unsupervised students, and the associated investigations arising therefrom; and

4

  u.  All references that plaintiff Jessica Deboi allegedly became ill while she was on a cruise ship after leaving Mountain Park.

5.  The above-referenced issues and claims are not relevant or material to the remaining claims in the case.  Further, in some cases, plaintiffs lack foundation for raising these issues.  References to the above-references issues, either by plaintiffs, plaintiffs' counsel or witnesses would be unfairly prejudicial to Defendants, and their prejudicial effect would outweigh any probative value.

6.  Defendants believe that plaintiffs, plaintiffs' counsel or witnesses may attempt to reference said issues and claims in the presence of the venire and jury during the trial.  Defendants express this concern because of the past conduct of plaintiffs and their counsel, including:

  a.  During the depositions of Betty Sue Wills, Sam Gerhardt, Deborah Gerhardt and Julie Gerhardt in this case and the cases of *Blair v. Wills* and *Kellar v. Wills*, plaintiffs' counsel attempted to inquire about: (i) Defendants' personal assets and (ii) the health of other non-party students at Mountain Park.

  b.  During the trial of *Blair v. Wills*, plaintiffs' counsel repeatedly violated this Court's rulings and orders on the exclusion of certain issues, facts and conclusions.  Plaintiffs' counsel tried repeatedly to inject excluded issues and material into the trial; and

  c.  During the trial of *Kellar v. Wills*, plaintiffs' counsel once again made repeated efforts to inject excluded issues and material into the trial.

7.  Defendants seek that the Court order that the above-referenced issues are not admissible in relation to plaintiffs' remaining claims and that references to said issues, during voir dire, opening statements, presentation of evidence, closing arguments, or at any other time in the

presence of the venire or jury is improper and prohibited.  In addition, the plaintiffs themselves should be instructed not to make reference to these issues during their testimony.

WHEREFORE, Defendants pray this Court to exclude facts, contentions, statements, conclusions and references to the aforementioned issues from the trial, and that the plaintiffs be instructed not to make reference to these issues during their testimony, and for all other just and appropriate relief.

Respectfully submitted,

BROWN & JAMES, P.C.


  /s/ John D. Briggs
Steven H. Schwartz,  #4316
John D. Briggs,  #86025
1010 Market Street, 20th floor
St. Louis, Missouri  63101
314-421-3400
314-421-3128  FAX

*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that on December 2, 2005, the foregoing was filed electronically with the Clerk of Court to be served by operation of the Court's electronic filing system upon the following:

Mr. Oscar Stilley
7103 Racetrack Loop
Fort Smith, Arkansas  72916
*Attorney for Plaintiffs*

Oliver, Oliver & Waltz, P.C.
400 Broadway
Cape Girardeau, MO  63702
*Attorneys for Co-Defendants*


  /s/ John D. Briggs

7868559

6