**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**SOUTHEAST DIVISION**

JAMIE KAUFMANN WOODS; SHARI LUEKEN, A MINOR,
BY AND THROUGH HER NEXT FRIENDS,
RALPH LUEKEN AND MARILYN LUEKEN; RALPH LUEKEN;
MARILYN LUEKEN; ERIKA TEASLEY, A MINOR,
BY AND THROUGH HER NEXT FRIENDS, PAUL
DOUGLAS ("DOUG") HOOVER JR., AND KATRINA L. HOOVER;
PAUL DOUGLAS ("DOUG") HOOVER JR.; KATRINA  HOOVER;
TRACEY BRAZIL OZUNA, JESSICA DEBOI                               PLAINTIFFS

vs.                              Case No. Case No. 1:03CV00105CAS

BOB WILLS, AKA BOBBY RAY WILLS, AKA W. B. WILLS;
BETTY SUE WILLS; SAM GERHARDT, AKA S.L. GERHARDT;
DEBORAH GERHARDT, AKA DEBBIE GERHARDT,
DBA MOUNTAIN PARK BOARDING ACADEMY;
JULIE GERHARDT; SHARON GOODMAN; and ANDREA HILL
                                                                DEFENDANTS

**PLAINTIFFS' OBJECTION TO DEFENDANTS' EXHIBITS**

Pursuant to the Court's case management order, copies of the exhibits were to be

delivered to opposing counsel.  Plaintiff counsel received the list of exhibits timely.  The exhibits

themselves were not delivered until after the deadline for objections.  Therefore, a blanket

objection was made, with the proviso that the objections would thereafter be sharpened and

narrowed upon receipt of copies of the documents.  This pleading sets forth the objections made

after examination of the exhibits.

1.      As to Exhibit A, Plaintiffs request a limiting instruction that the document does not prove

the validity of any assignment or rights or power of attorney, and that facts demonstrating the

legal validity of an assignment or rights or power of attorney must be proven by the proponent of

1

the validity of assignment of rights or power of attorney.  This limited objection extends to Exhibits A, B, C, F, G, H, K, L, M, Q, R, S, T, W, X, Y, Z, and AA.   Furthermore, Plaintiffs object to the introduction of any documents purporting to create contractual rights with respect to the care and control of any of the Plaintiffs, unless all the documents constituting the agreement are simultaneously presented, thus giving the jury the complete purported agreement.

2.      Plaintiff objects to Exhibits D, I, O, V, and BB, unless and until authenticated as a genuine contemporaneous record of medication by a competent witness.

3.      As to Exhibit J, Plaintiffs reserve their objection to this document unless the complete medical record held by Dr. Gayle is available for use in cross examination and made available for inspection before the witness takes the stand.  Furthermore, Plaintiffs object on grounds of hearsay and authentication, unless Dr. Gayle testifies from the stand that this is his document and the statements therein represent facts that he believes to be true and correct based upon his personal knowledge.

4.      Plaintiffs object to Exhibit "N" on grounds of hearsay.  If Defendants propose an exception to the hearsay rule, Plaintiffs request an opportunity to inspect the original document, and reserves any and all objections as to authenticity.

5.      As to Exhibit U, Plaintiffs reserve their objection to this document unless the complete medical record held by Dr. Gayle is available for use in cross examination and made available for inspection before the witness takes the stand.   Furthermore, Plaintiffs object on grounds of hearsay and authentication, unless Dr. Gayle testifies from the stand that this is his document and the statements therein represent facts that he believes to be true and correct based upon his personal knowledge.

6.      As to Exhibit CC, Plaintiffs object on the ground of hearsay and authentication.  Plaintiffs further object  to this document unless the complete medical record held by Dr. Price is available for use in cross examination and made available for inspection before the authenticating witness takes the stand.   Furthermore, Plaintiffs object on grounds of hearsay and authentication, unless Dr. Price testifies from the stand that this is his document and the statements therein represent facts that he believes to be true and correct based upon his personal knowledge.

7.      Plaintiffs object to Exhibits FF, GG, HH, and II on grounds of hearsay, authentication, and complete record grounds unless and until a witness testifies that the document is true, correct, and complete, and that the document was made by or at the direction of the witness.

By:   /s/ Oscar Stilley

Oscar Stilley, Attorney at Law
7103 Racetrack Loop
Fort Smith, AR 72916
Attorney for Plaintiff
479 996-4109
479 996-3409 Fax
oscar@oscarstilley.com

## CERTIFICATE OF SERVICE

I, Oscar Stilley, by my signature above certify that I have this December 9, 2005 served the defendants with a copy of this pleading electronically by CM/ECF to:  John Oliver, Attorney at law, Oliver, Oliver, & Waltz, PO Box 559, Cape Girardeau, MO, 63702-0559; and John Briggs, Attorney at law, Brown & James, P.C., 1010 Market Street, 20th Floor, St. Louis MO 63101-2000.