IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEAST DIVISION

JAMIE KAUFMANN WOODS et al                       PLAINTIFFS

vs.                 Case No. Case No. 1:03CV00105CAS

BOB WILLS, AKA BOBBY RAY WILLS,
AKA W. B. WILLS, et al
                                                                DEFENDANTS

**PLAINTIFFS' RESPONSE TO MOTION TO QUASH SUBPOENA TO KENDA LANDSVERK, AND FOR SANCTIONS, AND CROSS MOTION FOR SANCTIONS AGAINST DEFENDANTS OR DEFENSE COUNSEL OR BOTH** [Docket # 103]

Come now the Plaintiffs and for their response to the Defendants' to quash subpoena of Kenda Landsverk, and for sanctions, and cross motion for sanctions against the Defendants or their counsel or both, and state:

Defendants pretend that they were ignorant of Kenda Landsverk's address. However, on November 30, 2005, undersigned counsel sent the following email, from which certain formal parts are omitted:

```
Dear Mr. Briggs:


After responding to interrogatories I lost contact with her.  I recently
found a working phone number for her.  It is (918) 252-4677.  I don't
think that the number is in her name, which rendered our attempts to
locate her extremely difficult.  We are fortunate to have found her at
all.  Her city is Broken Arrow, OK 74011.  I don't know her street
address.

I hope this helps.  By the way, I still haven't gotten hard copy of the
exhibits, if I don't have them by tomorrow I'll ask for them to be
emailed or sent again.
```
Let me know if I can be of further assistance.

Oscar

1

```
-----Original Message-----
From: John Briggs [mailto:jbriggs@bjpc.com]
Sent: Tuesday, November 29, 2005 9:54 AM
To: Stilley, Oscar
Subject: Kenda Landsverk

Oscar:

The address and telephone number your clients provided on Kenda
Landsverk in their answers to interrogatories are not good.  Do you have
correct contact information?

John D. Briggs
```

Mr. Briggs had the contact information on Kenda from the interrogatories. The contact information became invalid with the passage of time. Plaintiff counsel gave Mr. Briggs the new contact information when he asked, shortly after Plaintiff counsel found the information.

The caselaw says that other parties have no right to quash a third party subpoena except on grounds of privilege.

*E.E.O.C. v. Danka Industries, Inc.* 990 F.Supp. 1138, 1141 (E.D.Mo.,1997)

from the St. Louis Medical Examiner.
[4] The plaintiffs seek a protective order and move to quash subpoenas issued by the defendant to various non-party entities. The subpoenas seek the employment records of plaintiff-intervenor Judy Chapman's former employer, the high school and college records of Pamela Meyer and plaintiff-intervenors Robyn Tegeler and Janet Truelove, and records of the St. Louis Medical Examiner relating to the death of Truelove's former boyfriend. The plaintiffs do not assert any claim of privilege with respect to the subpoenaed documents and, as such, they have no standing to request that the subpoenas be quashed. See Brown v. Braddick, 595 F.2d 961, 967 (5th Cir.1979); Shepherd v. Castle, 20 F.R.D. 184, 188 (W.D.Mo.1957); 9A Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure, § 2459, p. 41 (1994). Whether any of this information will be admissible at trial remains to be seen. However, absent a claim of privilege by the movants or objection by the entities to whom the subpoenas are directed, the Court will not foreclose the defendant's acquisition of the documents. The plaintiffs' motion will therefore be denied.

See also *Shepherd v. Castle* 20 F.R.D. 184, 188 (W.D.Mo.1957), where the Court said:

[4] When a limitation order is sought, under Rule 45(b) or 30(b), it should be made by the person to whom the subpoena duces tecum is directed. He is the one who suffers from any

'annoyance, embarrassment or oppression' caused thereby, or to be protected under Rule 30(b). Cf. McNelley v. Perry, D.C., 18 F.R.D. 360. Unless a party to an action can make claim to some personal right or privilege in respect to the subject matter of a subpoena duces tecum directed to a non-party witness, the party to the action has no right to relief under Rule 45(b) or 30(b). Procedure for an application by motion to that purpose by a witness (non-party) is clearly contemplated by Rule 45(b) and specifically granted in Rule 30(b). [5] [6] In the case at bar, the party to whom the instant subpoena duces tecum was directed is not before the Court. Plaintiff makes no claim of personal privilege in any of the documents sought to be reached by said subpoena. That no claim of privilege exists in respect to said documents is made manifest by the opinions in Browner v. Firemen's Ins. Co. of Newark, N. J., D.C., 9 F.R.D. 609; Floe v. Plowden, D.C., 10 F.R.D. 504; and McNelley v. Perry, supra. That being the situation before the Court, then the only consideration we should now give to plaintiff's motion is one that views the documents sought by subpoena duces tecum from an 'evidentiary' standpoint, measured by their 'relevancy to the subject matter of this action.' That calls for a determination as to whether said documents 'constitute or contain evidence', Rule 45(d), which will be admissible at the time of trial of this case. By that, we do not mean to say that we are now called upon to make a specific ruling respecting the competency, relevancy or materiality of any of said documents. On the contrary, all we mean to here say is, that at this pretrial stage the Court is now called upon to determine whether said documents have some competency as evidence in this case, and if that matter is sufficiently established then defendant is entitled under the Rules of Civil Procedure to have the command of said subpoena complied with as a matter of right.

Friday December 9, 2005 at 12:18, Plaintiff counsel send these citations to Mr. Briggs and asked him to withdraw the motion. Plaintiff counsel also said:

> Dear Mr. Briggs:
>
> I think your motion is out of line. You told me that your contact information was no good, so obviously you had contact information on Kenda. Furthermore, if you'll check, you'll find that you had this information long before the discovery cutoff.
>
> Also, the cases say you don't have standing. In the interests of comity, I am going to give you a chance to withdraw the motion. If you withdraw the motion by 5:00 PM today, Friday, December 09, 2005, I won't respond. If you need more time let me know. I am copying some information into this email for your review.

Mr. Briggs did not withdraw the motion. Therefore, Plaintiffs respectfully request sanctions against the defense for persisting in a motion clearly not proper.

WHEREFORE, Plaintiffs pray that the motion be denied in its entirety, for sanctions against the

Defendants or their counsel as the Court deems proper, and for all other and further relief as may be appropriate whether or not specifically prayed.

By:   /s/ Oscar Stilley
Oscar Stilley, Attorney at Law
7103 Racetrack Loop
Fort Smith, AR 72916
Attorney for Plaintiff
479 996-4109
479 996-3409 Fax
oscar@oscarstilley.com

## CERTIFICATE OF SERVICE

I, Oscar Stilley, by my signature above certify that I have this December 12, 2005 served the defendants with a copy of this pleading electronically by CM/ECF to:  John Oliver, Attorney at law, Oliver, Oliver, & Waltz, PO Box 559, Cape Girardeau, MO, 63702-0559; and John Briggs, Attorney at law, Brown & James, P.C., 1010 Market Street, 20th Floor, St. Louis MO 63101-2000.