UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| JAMIE KAUFMANN WOODS, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | No. 1:03-CV-105 CAS |
| ) | |
| BOB WILLS, et al., ) | |
| ) | |
| Defendants. ) | |

**PARTIAL JUDGMENT AS A MATTER OF LAW
PURSUANT TO RULE 50(A), FEDERAL RULES OF CIVIL PROCEDURE**

This action came on for trial before a jury, the undersigned United States District Judge presiding. Following presentation of all of plaintiffs' evidence on the issues raised in the plaintiffs' Complaint, the defendants filed a motion for judgment as a matter of law at the close of all the evidence pursuant to Federal Rule of Civil Procedure 50(a). The Court denied in part and granted in part defendants' motion for judgment as a matter of law on the record, applying the following standard.

"Pursuant to Rule 50, a court should render judgment as a matter of law when 'a party has been fully heard on an issue and there is no legally sufficient evidentiary basis for a reasonable jury to find for that party on that issue.'" Phillips v. Collings, 256 F.3d 843, 847 (8th Cir. 2001) (quoting Fed. R. Civ. P. 50(a)). "In making this determination, the court must draw all reasonable inferences in favor of the nonmoving party without making credibility assessments or weighing the evidence." Id. (citing Lytle v. Household Mfg., Inc., 494 U.S. 545, 554-55 (1990)). "Credibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury

functions, not those of a judge." Reeves v. Sanderson Plumbing Prods., Inc., 530 U.S. 133, 150-51, (2000) (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250-51 (1986)).

The Court concludes that judgment as a matter of law is proper on plaintiffs Jamie Kaufmann Woods, Shari Lueken, Erika Teasley, Tracey Brazil Ozuna and Jessica Deboi's negligence claims against the defendants for failure to refer them for medical care and treatment with respect to missed menstrual periods and constipation. There was insufficient evidence presented that any of the plaintiffs suffered any injury as a result of defendants' alleged failure to obtain medical treatment. See Stineman v. Fontbonne College, 664 F.2d 1082, 1086 (8th Cir. 1981) (plaintiff must establish that providing medical attention would have avoided the injury's ultimate harm).

Judgment as a matter of law is proper on plaintiffs Jamie Kaufmann Woods, Shari Lueken, Erika Teasley, Tracey Brazil Ozuna and Jessica Deboi's negligence claims concerning alleged sleep deprivation as there was no evidence the defendants caused any sleep deprivation or that plaintiffs suffered any injury as a result of sleep deprivation.

Judgment as a matter of law is proper on plaintiff Shari Lueken's negligence claim concerning the alleged deterioration of her eyesight, as there was insufficient evidence presented that Lueken notified any of the defendants that her eyesight was deteriorating or asked to be taken to an eye doctor. As a result, no duty arose on defendants' part to refer Lueken to an eye doctor for treatment and defendants cannot have been negligent in this regard. See id., 664 F.2d at 1086 (elements of cause of action for negligent failure to provide medical treatment).

Judgment as a matter of law is proper on plaintiff Jamie Kaufman Woods' negligence claim regarding failure to refer her for medical treatment after she swallowed a safety pin, as there was

insufficient evidence presented that Woods suffered any injury as a result of defendants' failure to obtain medical treatment. See Stineman, 664 F.2d at 1086.

Judgment as a matter of law is proper on plaintiff Shari Lueken's claim that defendant Debbie Gerhardt was negligent in giving Lueken a cold shower, as there is no evidence that defendant failed to use the degree of care that an ordinarily careful person would use under the same or similar circumstances, or that Lueken suffered any injury as a result. Moreover, this claim is in the nature of intentional infliction of emotional distress, and the Court previously granted defendants' motion for summary judgment on all plaintiffs' intentional infliction of emotional distress claims.

Accordingly,

**IT IS HEREBY ORDERED, ADJUDGED and DECREED** that judgment as a matter of law pursuant to Rule 50(a), Federal Rules of Civil Procedure, is entered against plaintiffs Jamie Kaufmann Woods, Shari Lueken, Erika Teasley, Tracey Brazil Ozuna and Jessica Deboi on their negligence claims as set forth above, and in favor of defendants, and that plaintiffs' negligence claims against these defendants are **DISMISSED** on the merits.

**IT IS FURTHER ORDERED, ADJUDGED and DECREED** that judgment is entered in favor of all defendants and against plaintiffs Shari Lueken and Jessica Deboi on all of their claims, and the same are **DISMISSED** on the merits.

                                **CHARLES A. SHAW**
                                **UNITED STATES DISTRICT JUDGE**

Dated this   22nd   day of December, 2005.