UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| JAMIE KAUFMANN WOODS; SHARI LUEKEN, a minor, by and through her next friends, RALPH LUEKEN and MARILYN LUEKEN; RALPH LUEKEN; MARILYN LUEKEN; ERIKA TEASLEY, a minor, by and through her next friends, PAUL DOUGLAS ("DOUG") HOOVER JR., and KATRINA L. HOOVER; PAUL DOUGLAS ("DOUG") HOOVER JR.; KATRINA HOOVER; TRACEY BRAZIL OZUNA, and JESSICA DEBOI, <br><br> Plaintiffs, <br><br> v. <br><br> BOB WILLS, a/k/a BOBBY RAY WILLS, a/k/a W. B. WILLS; BETTY SUE WILLS; SAM GERHARDT, a/k/a S. L. GERHARDT; DEBORAH GERHARDT, a/k/a DEBBIE GERHARDT; JULIE GERHARDT; SHARON GOODMAN; and ANDREA HILL d/b/a MOUNTAIN PARK BOARDING ACADEMY, <br><br> Defendants. | No. 1:03-CV-105 CAS |

## JUDGMENT

This matter came on for trial before a jury, the undersigned United States District Judge presiding. Following presentation of all of plaintiffs' evidence on the issues raised in the Complaint, the Court granted in part and denied in part the defendants' motion for judgment as a matter of law pursuant to Rule 50(a), Federal Rules of Civil Procedure, as set forth in the Partial Judgment as a Matter of Law filed separately herein.

On the remaining claims, the jury rendered its verdicts on December 15, 2005, as follows: (1) in favor of defendant Deborah Gerhardt on plaintiff Erika Teasley's negligence claim; (2) in favor of defendants Betty Wills and Deborah Gerhardt on plaintiff Tracey Brazil Ozuna's negligence claims; (3) in favor of defendant Deborah Gerhardt on plaintiff Tracey Brazil Ozuna's battery claim; (4) in favor of defendant Andrea Hill on plaintiff Jamie Kaufmann Woods' battery claim; (5) in favor of defendant Betty Wills on plaintiff Jamie Kaufmann Woods' negligence claim; and (6) in favor of plaintiff Jamie Kaufmann Woods on her battery claim against defendant Betty Wills, but finding that plaintiff Woods' damages were zero dollars ($0.00).

With respect to plaintiff Woods' battery claim against defendant Wills, the jury's determination of no damages leave Woods without a claim, as damages constitute an essential element of a negligence claim. "In order to constitute actionable negligence there must exist three essential elements, namely, a duty or obligation which the defendant is under to protect the plaintiff from injury; a failure to discharge that duty; and injury resulting from the failure. Not only must the complaint disclose these essentials, but the evidence must support them and the absence of proof of any of them is fatal to a recovery." Zitzmann v. Glueck Box Co., 276 S.W. 23, 25 (Mo. 1925) (quotation omitted). The jury's verdict indicates that it found Wills invaded Woods' legal rights, but that no actual damages were suffered or proved. In the federal courts, "The mere fact that the jury returned a verdict for a plaintiff but assessed the damages as 'none' does not make such a verdict invalid or ambiguous nor does it necessitate a new trial." Spears v. Hough, 458 F.2d 529, 531 (8th Cir.) (cited cases omitted), cert. denied, 409 U.S. 878 (1972); Dairy Farmers of America, Inc. v. Travelers Ins. Co., 391 F.3d 936, 945 (8th Cir. 2004) (citing Spears); see Wright v. Hoover, 329 F.2d 72, 76 (8th Cir.1964) (stating that "fixing damages is peculiarly a jury function.").

The evidence and instructions in the case support the jury's verdict. As a result, the jury's verdict in favor of plaintiff Woods but awarding zero damages amounts to a verdict for the defendant, and the Court will enter judgment accordingly. See Spears, 458 F.2d at 531; Haley v. Byers Transp. Co., 394 S.W.2d 412, 416, 417 (Mo. 1965) (verdict in favor of plaintiff but awarding zero damages constituted a verdict for the defendant).

Accordingly,

**IT IS HEREBY ORDERED, ADJUDGED and DECREED** that judgment is entered in favor of defendant Deborah Gerhardt on plaintiff Erika Teasley's negligence claim concerning failure to obtain dental treatment for her toothache, and this claim is **DISMISSED** on the merits.

**IT IS FURTHER ORDERED, ADJUDGED and DECREED** that judgment is entered in favor of defendants Betty Wills and Deborah Gerhardt on plaintiff Tracey Brazil Ozuna's negligence claims concerning failure to obtain medical treatment for her asthma, and these claims are **DISMISSED** on the merits.

**IT IS FURTHER ORDERED, ADJUDGED and DECREED** that judgment is entered in favor of defendant Deborah Gerhardt on plaintiff Tracey Brazil Ozuna's battery claim, and this claim is **DISMISSED** on the merits.

**IT IS FURTHER ORDERED, ADJUDGED and DECREED** that judgment is entered in favor of defendant Andrea Hill on plaintiff Jamie Kaufmann Woods' battery claim, and this claim is **DISMISSED** on the merits.

**IT IS FURTHER ORDERED, ADJUDGED and DECREED** that judgment is entered in favor of defendant Betty Wills on plaintiff Jamie Kaufmann Woods' negligence claim concerning treatment for plaintiff's hearing condition, and this claim is **DISMISSED** on the merits.

**IT IS FURTHER ORDERED, ADJUDGED and DECREED** that judgment is entered in favor of defendant Betty Wills on plaintiff Jamie Kaufmann Woods' battery claim, and this claim is **DISMISSED** on the merits.

Costs are assessed against the plaintiffs.

_____
**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**

Dated this  22nd  day of December, 2005.