IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEAST DIVISION

JAMIE KAUFMANN WOODS et al                                        PLAINTIFFS

vs.                         Case No. Case No. 1:03CV00105CAS

BOB WILLS, AKA BOBBY RAY WILLS, AKA W. B. WILLS et al
                                                                  DEFENDANTS

**PLAINTIFFS' MOTION TO AMEND JUDGMENT AND/OR MAKE FINDINGS
PURSUANT TO FRCP 52 OR 59 OR OTHER RELEVANT RULE**

Come now the Plaintiffs and for their motion state:

1.      Plaintiffs and all of them move that the Court amend the judgment to grant judgment in favor of Jamie Kaufmann Woods against Betty Wills for battery, and award damages of one dollar.

2.      Plaintiffs and all of them move the Court amend the judgment to state that each party shall bear its own costs.

3.      In the event that the Court does not amend the judgment to state that each party shall bear its own costs, Plaintiffs request that the Court make findings of fact and conclusions of law 1) Concerning the reasons that the Plaintiffs should bear costs despite having prevailed, albeit in a limited way; 2) Whether the costs are to be divided amongst the Plaintiffs, (equally or on some other formula) or joint and several against any and all Plaintiffs; 3) Whether Plaintiffs terminated before trial are also liable, in whole or in part, for the judgment; and 4) Whether or not Jamie Kaufmann Woods is liable for the costs along with the other Plaintiffs.

4.      The Defendants maintained a counterclaim for a period of time, then nonsuited the

counterclaim. Therefore, the Court should construe the Defendants to have waived costs, since they dismissed the obvious method of obtaining costs. Costs in this case might result in a double recovery.

5. The Defendants filed their bill of costs on January 4, 2006, thus making the response thereto due January 18, 2006. Plaintiffs therefore respectfully request that, if possible, the Court rule sufficiently in advance of that date so as to limit the unnecessary expenditure of time and energy by either party, with respect to costs.

6. Plaintiffs also respectfully request that the order include a statement that the order is a final order from which appeal time shall run.

WHEREFORE, Plaintiffs respectfully pray that the judgment be amended to grant judgment in favor of Ms. Woods against Ms. Wills for battery, with $1 in damages, that the Court order each party to bear its own costs, for such requested findings as the court deems appropriate, and for all other just and appropriate relief whether or not specifically prayed.

### MEMORANDUM BRIEF IN SUPPORT OF PLAINTIFFS' MOTION TO AMEND JUDGMENT AND/OR MAKE FINDINGS PURSUANT TO FRCP 52 OR 59 OR OTHER RELEVANT RULE

On motion of a party, the Court may alter or amend a judgment, make new findings of fact and conclusions of law, or amend the findings of fact and conclusions of law.  FRCP 52, 59, 60.  Pursuant to FRAP 4, when such a motion is filed within 10 business days, the time for appeal does not begin to run until the earlier of entry of such order or the expiration of 30 days, whereupon such a motion is deemed denied.

Plaintiffs are puzzled as to why the jury verdict in favor of Ms. Woods on her claim of battery against Ms. Wills did not result in a judgment in favor of Ms. Woods on that count.  Perhaps this was an oversight.  However, the oversight can be corrected.  At the same time, Ms. Woods is entitled to nominal damages whether or not so found by the jury.  Plaintiff argued the matter, which presumably formed the basis for the Court's note in response to a jury question.  It may be that the jury forgot or misunderstood that part of the argument.  However, precedent requires nominal damages, generally $1, which transforms Plaintiffs into "prevailing parties" even if their success was limited.

*Risdal v. Halford*, 209 F.3d 1071 (8th Cir. 2000) controls this case.  There, the Court said:

> We believe, and the defendants conceded during oral argument, that the trial court erred in its instruction on nominal damages. The Supreme Court in *Farrar*, 506 U.S. at 112, ruled that trial courts must award nominal damages when a plaintiff establishes a violation of the right to due process but is unable to prove actual injury. *Farrar* described the right to due process as "'absolute,'" and said that an award of nominal damages to remedy its deprivation "'recognizes the importance to organized society that [the] righ[t] be scrupulously observed,'" id., quoting *Carey v. Piphus*, 435 U.S. 247, 266 (1978).

On the basis of *Farrar v. Hobby*, 506 U.S. 103 (1992), Plaintiffs are willing to concede

that they are not themselves entitled to costs. In some cases there is a basis for analyis as to whether or not the nominal damages award will support costs, at least in some context. See e.g. *Piper v. Oliver*, 69 F.3d 875 (8th Cir. 1995) the Court observed:

> ..... Justice O'Connor acknowledged that although nominal awards often represent technical or pyrrhic victories that merit no award of attorney's fees, "that is not to say that all nominal damages awards are de minimis." Id. at ___, 113 S.Ct. 578 (O'Connor, J., concurring). The court must evaluate each nominal damages case individually to determine if the plaintiff's victory is merely "technical" or "pyrrhic." After making such a finding, the court is excused from engaging in the typically complex process of attorney's fee calculations. Instead, "it is enough for a court to explain why the victory is de minimis and announce a sensible decision to `award low fees or no fees at all.'" Id. at ___, 113 S.Ct. at 576 (quoting *Farrar* majority opinion).

In the context of this case the Plaintiffs would suggest that the effort involved in pursuing costs from the Defendants, under the circumstances, is not the best use of judicial or legal resources. Therefore, Plaintiffs request that Ms. Woods be granted judgment on her battery claim, with $1 in nominal damages, and that all parties be ordered to bear their own costs.

The 9th Circuit in *Assoc. of Mexican-American v. State of CA*, 231 F.3d 572, 592 (9th Cir. 2000) said:

> In past cases, this court has approved the following reasons for refusing to award costs to a prevailing party: the losing party's limited financial resources, see *National Org. for Women v. Bank of Cal.*, 680 F.2d 1291, 1294 (9th Cir. 1982); see also *Wrighten v. Metropolitan Hosps., Inc.*, 726 F.2d 1346, 1358 (9th Cir. 1984); *Moore v. Hughes Helicopters, Inc.*, 708 F.2d 475, 486 (9th Cir. 1983); and misconduct on the part of the prevailing party, see *National Info. Servs.*, 51 F.3d at 1472. Further, in *Stanley v. University of Southern California*, 178 F.3d 1069, 1079-80 (9th Cir.), cert. denied, 120 S.Ct. 533 (1999), we held that the district court abused its discretion in denying a losing civil rights plaintiff's motion to re-tax costs without considering (1) the plaintiff's limited financial resources; and (2) "the chilling effect of imposing such high costs on future civil rights litigants."

The Eighth Circuit agrees. See *Poe v. John Deere Co.*, 695 F.2d 1103 (8th Cir. 1982), where the Court said:

It is of course within a court's discretion to deny costs because a plaintiff is poor or for other good reason, but no such suggestion is made here.

In this case, the Plaintiffs have very limited resources. The parties who were able spent money to remediate the damage caused by Mountain Park Boarding Academy, depleting their resources. The others are generally struggling for day to day sustenance.

The evidence strongly suggests that the Defendants have committed wrongdoing. Dr. Gale could not think of cessation of menses at such a rate since the Vietnam war. Furthermore, this Court heard much evidence that the jury did not hear, virtually all of which indicates that the Defendants committed serious and systematic wrongdoing against the Plaintiffs and others.

The Defendants dismissed their counterclaim without prejudice. Ms. Teasley sought dismissal based upon her minority, without prejudice, due to Defendants' complaints about her minority. Her motion was denied.

The apparent reason for the dismissal of the counterclaim is the fact that the surreptitious use of drugs, and other abuses, would merit consideration by the jury as a defense to the counterclaim. The Defendants, having dismissed their counterclaim, should be construed to have waived any claim for costs or reserved same for trial should the counterclaim be revived at a later time.

Hopefully, the question of reasons for granting costs, of whether terminated plaintiffs are liable for the costs, of the division of costs if any, and whether Ms. Woods is liable for costs despite having prevailed on one count, will not be necessary of any answer. However, in the case that costs are allowed, the Court should consider certain facts. Shari Lueken could not claim for failure to treat wounds incurred by being dragged around the track on grounds of lack of proof of specifically who ordered the act. Would it not also be fair, on the facts of this case, to compel the

Defendants to prove which particular Plaintiff caused the necessity of a certain cost, and recover against that Plaintiff and no other?  Sauce for the goose is sauce for the gander.

If such questions remain after consideration of other claims or requests herein, the Plaintiffs pray that the Court give clear answers so that their obligations and liabilities with respect to costs are unmistakable.

WHEREFORE, Plaintiffs respectfully pray that the judgment be amended to grant judgment in favor of Ms. Woods against Ms. Wills for battery, with $1 in damages, that the Court order each party to bear its own costs, for such requested findings as the court deems appropriate, and for all other just and appropriate relief whether or not specifically prayed.

By:    /s/ Oscar Stilley
Oscar Stilley, Attorney at Law
7103 Racetrack Loop
Fort Smith, AR 72916
Attorney for Plaintiff
479 996-4109
479 996-3409 Fax
oscar@oscarstilley.com

### CERTIFICATE OF SERVICE

I, Oscar Stilley, by my signature above certify that I have this January 5, 2006 served the defendants with a copy of this pleading electronically by CM/ECF to:  John Oliver, Attorney at law, Oliver, Oliver, & Waltz, PO Box 559, Cape Girardeau, MO, 63702-0559; and John Briggs, Attorney at law, Brown & James, P.C., 1010 Market Street, 20th Floor, St. Louis MO 63101-2000.