UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | | |
|---|---|---|
| JAMIE KAUFMANN WOODS, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | No. 1:03-CV-105 CAS |
| | ) | |
| BOB WILLS, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on plaintiffs' "Motion to Amend Judgment and/or Make Findings Pursuant to FRCP 52 or 59 or Other Relevant Rule." Defendants oppose the motion. Plaintiffs filed a reply and the matter is now fully briefed.[1] Plaintiffs move the Court to amend the judgment to (1) grant judgment in favor of plaintiff Jamie Kaufmann Woods against defendant Betty Wills for battery, and award damages of one dollar; and (2) state that each party shall bear its own costs. For the following reasons, the Court will deny plaintiffs' motion except to the extent that it will issue an amended judgment to specify why judgment should be entered in favor of defendant Wills on the battery claim and to reflect that costs are awarded against the plaintiffs jointly and severally.

**Issues Relating to Judgment**.

Plaintiffs ask the Court to modify the judgment to reflect judgment in favor of plaintiff Woods and against defendant Wills, and to award Woods one dollar ($1.00) in damages. Defendants respond

---

[1]Plaintiffs assert in their reply that defendants' response memorandum was untimely. Plaintiffs' motion to alter or amend was filed on January 5, 2006. Defendants' response was timely filed on January 17, 2006. See Local Rule 4.01(B); Rule 6(a), Federal Rules of Civil Procedure; Rule 6(e), Fed. R. Civ. P.

that it would be inappropriate and error for the Court to do so. The jury rendered its verdict in favor of plaintiff Jamie Kaufmann Woods on her battery claim against defendant Betty Wills, but found that plaintiff Woods' damages were zero dollars ($0.00). Plaintiffs assert that they argued the matter of nominal damages, but speculate that perhaps the jury "forgot or misunderstood that part of the argument." Pls.' Mem. Supp. at 3. The plaintiffs did not request a nominal damage instruction. Plaintiffs argue that "precedent requires nominal damages, generally $1, which transforms Plaintiffs into 'prevailing parties' even if their success was limited." Id. (citing Risdal v. Halford, 209 F.3d 1071, 1072 (8th Cir. 2000)). Although this is true in some instances, it is not under the circumstances of this case, as discussed below.[2]

Under applicable Missouri law, "The tort of battery is the intentional touching of another in a manner offensive to a reasonable person, whether or not bodily damage results." Martin v. Yeoham, 419 S.W.2d 937, 946 (Mo. Ct. App. 1967). Actual injury or damages is not a required element of proof in an assault and battery action. Van Eaton v. Thon, 764 S.W.2d 674, 676 (Mo. Ct. App. 1988). "Whether or not an injury is proven, a plaintiff is at least entitled to nominal damages upon a finding that an assault and battery occurred." A.R.B. v. Elkin, 98 S.W.3d 99, 104 (Mo. Ct. App. 2003) (citing Van Eaton, 764 S.W.2d at 676).

Although the jury found in Ms. Woods' favor on her battery claim, it did not award her any damages. Missouri courts have held that although nominal damages were appropriate for a particular cause of action, it was not error for the trial court to fail to award nominal damages where the plaintiff

---

[2]Nominal damages are damages awarded as recognition of a breach of duty owed to a plaintiff and not as a measure of compensation for loss or detriment suffered. Simpkins v. Ryder Freight System, Inc., 855 S.W.2d 416, 422 (Mo. Ct. App.1993). Nominal damages are allowed where a legal right has been invaded but no actual damages were suffered or proved. McClellan v. Highland Sales and Invest. Co., 484 S.W.2d 239, 241 (Mo. 1972).

2

did not request a jury instruction on nominal damages. See Clark v. Beverly Enters.-Mo., Inc., 872 S.W.2d 522, 527 (Mo. Ct. App. 1994). As stated above, the plaintiffs in this case did not request a jury instruction on nominal damages.

In Blue v. Harrah's North Kansas City, LLC, 170 S.W.3d 466, 476 (Mo. Ct. App. 2005), the jury returned a verdict awarding the plaintiff punitive but not actual damages on a false arrest claim, and where the plaintiff did not ask for nominal damages before the jury was discharged, the defendant was entitled to judgment as a matter of law. 170 S.W.3d at 476. The court stated, "When a plaintiff brings a cause of action, and it is one of the few claims that does not require proof of actual damages, it is still the plaintiff's responsibility to ask for an award of nominal damages. This is true even when the jury finds in the plaintiff's favor." Id. at 477. "If the jury fails to award nominal damages, the plaintiff must ask that the jury be instructed on nominal damages at that time, and the jury must then decide whether or not to award them before it is dismissed." Id. This rule applies to plaintiff Woods' battery claim; i.e., the burden was on the plaintiffs to request a nominal damage instruction.

In Jacobs v. Bonser, 46 S.W.3d 41 (Mo. Ct. App. 2001), the jury returned a verdict in favor of the plaintiff on a battery claim. The jury awarded no actual damages but did award punitive damages. Id. at 45. The court held that under those circumstances, the trial court should have entered a judgment notwithstanding the verdict for the defendant because the verdict was inconsistent with an award of no actual damages. Id. at 46-47, 48. By failing to ask the trial court to correct the inconsistency in the verdict before the jury was discharged, the plaintiff waived his right to assert on appeal that the trial court should have instructed the jury on nominal damages. Id. at 47. Cf. Dairy Farmers of America, Inc. v. Travelers Inc. Co., 391 F.3d 936, 945 (8th Cir. 2004) (plaintiff waived its claim of inconsistent verdicts by failing to object to the inconsistency before judgment was entered);

3

Doe v. Washington County, 150 F.3d 920, 924 (8th Cir.1998) ("If a party feels that a jury verdict is inconsistent, it must object to the asserted inconsistency and move for resubmission of the inconsistent verdict before the jury is discharged or the party's right to seek a new trial is waived.") (citation omitted).

Based on the holdings in Clark, Blue and Jacobs, the Court concludes that plaintiff's failure to request a nominal damage instruction at any time, and her failure to object to the jury's verdict before the jury was discharged, results in a waiver of any claim for nominal damages. The Court cannot alter the jury's verdict in this case to award damages on plaintiff Woods' battery claim where the jury failed to do so. Jacobs, 46 S.W.3d at 47; see Wright v. Hoover, 329 F.2d 72, 76 (8th Cir. 1964) ("Fixing damages is peculiarly a jury function[.]").

Because the jury rendered its verdict in favor of plaintiff Woods but awarded her no damages, and plaintiff failed to object to the verdict or to request a nominal damage instruction, defendant Wills was entitled to judgment as a matter of law on the battery claim and the Court entered judgment accordingly. See Blue, 170 S.W.3d at 476; Jacobs, 46 S.W.3d at 47; see also Dairy Farmers, 391 F.3d at 945 (affirming entry of judgment in favor of defendant insurer where jury returned a special verdict in favor of the plaintiff but awarded no damages); Haley v. Byers Transp. Co., 394 S.W.2d 412, 416, 417 (Mo. 1965) (verdict in favor of plaintiff but awarding zero damages affirmed; case remanded with directions to enter judgment for defendants).[3]

---

[3]The Court notes that in Wright v. Jasper's Italian Restaurant, Inc., 672 F. Supp. 424, 426 (W.D. Mo. 1987), a case not cited by either party, the United States District Court for the Western District of Missouri held that it could enter an award of nominal damages to support an award of punitive damages on claims of assault and false imprisonment because the jury found that the plaintiff was wronged. The Wright decision has been criticized as being without legal foundation by the Missouri Court of Appeals in Blue, 170 S.W.3d at 476, and Jacobs, 46 S.W.3d at 47, and this Court declines to follow it. The Missouri Court of Appeals concluded that Wright was wrongly decided

4

for the following reasons:

> The Wright court cited Herberholt v. dePaul Community Health Center, 625 S.W.2d 617 (Mo. banc 1981), in support of its holding that under appropriate circumstances, judges can independently direct the entry of nominal damages judgments. Wright, 672 F. Supp. at 426.
>
> Herberholt involved the appellant's former employer's violation of the service letter statute. The jury returned an award of actual damages in the amount of $15,000, which the Missouri Supreme Court found was not supported by the evidence. Id. at 623. However, the Court found that the appellant employee offered sufficient evidence to sustain a finding that his former employer did not provide him with a letter stating the true reason for his discharge, thus entitling the former employee to an award of nominal damages for violation of the service letter statute. The Court found that "The failure to give a proper service letter constituted an invasion of plaintiff's legal rights and without proof of any damages whatever entitled plaintiff to a verdict for nominal damages. The law presumes actual damage to plaintiff from the failure of defendant to issue a proper service letter as required by the statute." Id. at 622, quoting Heuer v. John R. Thompson Co., 251 S.W.2d 980, 985 (Mo. App. 1952). The Court went on to state:
>
>> Inasmuch as the evidence adduced by appellant to support his theory of "actual" damages is susceptible of multiple interpretations, it appears that he has failed to prove that any prospective employer did not hire him because of the contents of the service letter. Thus, under the existing law, appellant failed to make a submissible case for actual damages. However, as heretofore noted, failure of proof thereon does not deprive him of a judgment for nominal damages if he was not provided with a letter stating the true reason for his discharge.
>
> Herberholt, 625 S.W.2d at 623-624.
>
> The facts of Herberholt are clearly not on point to the facts set out in Wright, nor to those in the instant case. More importantly, the jury in Herberholt had actually awarded actual damages to the appellant, unlike in the instant case, and unlike in Wright. We find that vacating an award of actual damages because they are unsupported by the evidence and directing an award of nominal damages instead because a statute was actually violated by an employer, is a very different action from directing an award of nominal damages when no actual damages were found at all by a jury. Accordingly, we find that the Wright court's reliance on Herberholt for its holding is misplaced, and we decline to follow it.

Plaintiffs' reliance on Risdal v. Halford, 209 F.3d 1071, is misplaced. The plaintiff in Risdal asserted a First Amendment claim of violation of his constitutional right to freedom of expression. The jury returned a verdict in the plaintiff's favor but declined to award actual or nominal damages. The Eighth Circuit held that an award of nominal damages is required upon proof of an infringement of the First Amendment right to speak, and the district court erred in giving a nominal damage instruction which did not direct the jury to award nominal damages if it found a violation of plaintiff's First Amendment rights. Id. The instant case is readily distinguishable from Risdal because it did not involve a First Amendment claim, but rather a state law tort claim of battery. There is no requirement that a court give a mandatory nominal damage instruction in a battery case; rather the burden is on the plaintiff to request such an instruction. See Blue, 170 S.W.3d at 477 (burden on plaintiff to request nominal damage instruction).

For the foregoing reasons, plaintiffs' motion to modify the verdict to enter judgment in favor of plaintiff Woods and against defendant Wills should be denied.

**Allocation of Costs**.

Plaintiffs also move to alter or amend the judgment to state that each party shall bear its own costs. In the event that aspect of their motion is denied, plaintiffs ask the Court to make findings of fact and conclusions of law concerning (1) the reasons why "plaintiffs should bear costs despite having prevailed, albeit in a limited way," Pls." Motion to amend, ¶ 3; (2) whether the costs are to be divided among the plaintiffs in some manner or jointly and severally among the plaintiffs; (3) whether the plaintiffs whose claims were terminated prior to trial are also liable for the award of costs; and (4)

---

Jacobs, 46 S.W.3d at 47 (holding that plaintiff could not have the trial court amend the judgment to award him nominal damages after the jury was dismissed).

whether plaintiff Woods is also liable for costs. Plaintiffs also assert that because the defendants voluntarily dismissed their counterclaim against plaintiffs Ralph and Marilyn Lueken and Katrina and Paul Douglas Hoover, Jr., the defendants have waived any award of costs "since they dismissed the obvious method of obtaining costs." Id., ¶ 4.

The Court will not alter the judgment to require each party to bear his or her own costs. The plaintiffs were not prevailing parties in this case, as the jury returned its verdict in favor of the defendants, with the exception of plaintiff Woods' battery claim. As discussed above, defendant Wills was entitled to judgment as a matter of law on plaintiff Woods' battery claim, because the jury failed to award Woods any actual or nominal damages. Consequently, plaintiff Woods was not a prevailing party. The defendants, as prevailing parties, are presumed entitled to costs. See Federal Rule of Civil Procedure 54(d); Bathke v. Casey's General Stores, Inc., 64 F.3d 340, 347 (8th Cir. 1995).

With respect to allocation of the costs among the plaintiffs, "Joint and several liability for costs is the general rule unless equity otherwise dictates." Concord Boat Corp. v. Brunswick Corp., 309 F.3d 494, 497 (8th Cir. 2002). The plaintiffs in this case were represented by the same counsel, had common theories of liability, and sought the same discovery. Although not identical, the claims of the parent plaintiffs were closely related to the claims of the student plaintiffs. Under these circumstances, it cannot be said that any individual plaintiff generated more costs than the others, and plaintiffs did not offer any suggestions concerning an equitable allocation of costs. See id. (citing White v. Sundstrand Corp., 256 F.3d 580, 586 (7th Cir.), cert. denied, 534 U.S. 1066 (2001) (individual costs awards may be appropriate when "different groups of plaintiffs raise distinct issues that give rise to segregable costs of litigation"); Walker v. U.S. Dep't of Hous. & Urban Dev., 99 F.3d 761, 773 (5th

Cir.1996) (joint and several liability for attorney fees appropriate where parties had joint legal team and shared witnesses)).

The Court finds that plaintiffs have not shown it would be inequitable to award costs against the parties whose claims were terminated prior to trial, i.e., the Lueken parents and the Hoovers. Judgment was entered on these parties' claims shortly before trial, and therefore most of the costs incurred were incurred at least in part on the prosecution of these plaintiffs' claims. In addition, plaintiffs do not suggest which costs would not be properly taxed to the Lueken parents and the Hoovers. The Court notes that defendants do not seek costs for witness fees or other expenses which can be readily identified as relating only to the trial of this case. Also with respect to the Lueken parents and the Hoovers, the Court finds unpersuasive plaintiffs' assertion, made without citation to any legal authority, that the defendants waived their entitlement to costs as prevailing parties by dismissing their counterclaims against these parties after the Court granted judgment in defendants' favor on their claims.

Finally, plaintiffs assert that they should not be liable for costs because they have "very limited resources" and some of them "are generally struggling for day to day sustenance." Pls.' Mem. Supp. Mot. Amend at 5. Plaintiffs offer no evidentiary support for their assertions of poverty. The Court notes that plaintiffs did not seek in forma pauperis status in this case. Moreover, costs may be awarded even against indigent persons granted in forma pauperis status, see 28 U.S.C. § 1915(f); cf. Galvan v. Cameron Mut. Ins. Co., 831 F.2d 804, 805-06 (8th Cir. 1987) (per curiam). The Court finds that plaintiffs' unsupported assertions are not a basis to deny costs in favor of the defendants.

**Conclusion**.

For the foregoing reasons, the Court will deny plaintiffs' motion to alter or amend the judgment except to the extent it will issue an amended judgment in accordance with this memorandum and order to specify why judgment should be entered in favor of defendant Wills on plaintiff Woods' battery claim, and that the plaintiffs are jointly and severally liable for costs.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiffs' motion to alter or amend the judgment is **DENIED** except to the extent the Court will issue an amended judgment as set forth herein. [Doc. 126]

**IT IS FURTHER ORDERED** that the judgment dated December 22, 2005 is **vacated**. [Doc. 124]

An appropriate Amended Judgment will accompany this memorandum and order.

_____
**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**

Dated this  2nd  day of March, 2006.