UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

JAMIE KAUFMANN WOODS, et al., )
)
    Plaintiffs, )
)
v. ) No. 1:03-CV-105 CAS
)
BOB WILLS, et al., )
)
    Defendants. )

### MEMORANDUM AND ORDER

This matter is before the Court on defendants' bill of costs and plaintiffs' objections thereto. Defendants seek costs in the total amount of $3,184.68. The Court will address each of plaintiffs' objections separately. Defendants did not respond to plaintiffs' objections.

**Legal Standard**.

Allowable costs in most cases are limited to the categories set forth in 28 U.S.C. § 1920. Expenses not on the statutory list must be borne by the party incurring them. Crawford Fitting Co. v. J.T. Gibbons, Inc., 482 U.S. 437 (1987). Pursuant to Rule 54(d), Federal Rules of Civil Procedure, and 28 U.S.C. § 1920, the Court must carefully scrutinize the claimed costs and the support offered for them. Farmer v. Arabian American Oil Co., 379 U.S. 227, 232-33, 235 (1964); Alexander v. National Farmers Org., 696 F.2d 1210, 1212 (8th Cir. 1982), cert. denied, 461 U.S. 937 (1983).

When an expense is taxable as a cost, . . . there is a strong presumption that a prevailing party shall recover it in full measure." " Concord Boat Corp. v. Brunswick Corp., 309 F.3d 494, 498 (8th Cir. 2002) (internal quotation omitted). "The losing party bears the burden of making the showing that an award is inequitable under the circumstances." Id. (internal citation and quotation omitted).

**Objections**.

**1. Fees for Printing**.

Defendants seek reimbursement for photocopies in the amount of $901.64. Plaintiffs object that nothing in the bill of costs indicates the printing cost was "actually expended," and that these appear to be in-house copies. Plaintiffs also state that defendants have not explained why the copies were necessary for the litigation.

"Expenses for photocopies 'necessarily obtained for use in the case' are recoverable by the prevailing party as costs. 28 U.S.C. § 1920 (2000). Rule 54(d) directs that costs, such as necessary photocopies, 'shall be allowed as of course to the prevailing party unless the court otherwise directs.' Fed. R. Civ. P. 54(d). In determining whether a photocopy expense is necessary so as to be taxable as a cost and whether to award that cost to the prevailing party, the district court enjoys discretion so long as it does not act arbitrarily." Concord Boat, 309 F.3d at 498.

Amounts sought for copy expenses must be documented or itemized in such a way that the Court can meaningfully evaluate the request. Yaris v. Special School Dist. of St. Louis County, 604 F. Supp. 914, 915 (E.D. Mo. 1985), aff'd, 780 F.2d 724 (8th Cir.), cert. denied, 476 U.S. 1172 (1986). Although a party is "not required to submit a bill of costs containing a description so detailed as to make it impossible economically to recover photocopying costs," it is "required to provide the best break down obtainable from retained records." Northbrook Excess and Surplus Ins. Co. v. Procter & Gamble Co., 924 F.2d 633, 643 (7th Cir. 1991).

Here, defendants' itemized statement shows the date on which each copy was made, the per-page cost of ten cents (10¢), and indicates the general categories into which the copies fall: letter enclosures, pleadings, documents produced, exhibits, correspondence, depositions, deposition

2

summaries, medical records, pretrial documents, and miscellaneous. The Declaration of John D. Briggs states under penalty of perjury that the costs included in the bill of costs were necessarily incurred in the case. The Court finds that defendants' request is adequately documented and itemized in large part, and there is no prohibition against an award of cost for copies made in house. See, e.g., Tirapelli v. Advanced Equities, Inc., 222 F.Supp.2d 1081 (N.D. Ill. 2002) (allowing cost for in-house photocopies at the rate of ten cents per page). The Court will, however, disallow costs in the amount of $46.40 for the 464 "miscellaneous" photocopies as there is no indication these were necessarily made for use in the case rather than for convenience of counsel. Costs will be taxed for photocopies in the amount of $855.24.

**2. Fees for Exemplification and Copies**.

Plaintiffs object to a claimed item of cost for exemplification and copies of papers necessarily obtained in the case of $576.74, for copies of medical and school records provided to experts. Plaintiffs assert that the cost is not taxable because none of the defendants' experts testified at trial. Plaintiffs' objection is without merit. Both parties disclosed expert witnesses who were deposed in this case. Plaintiffs made clear their intent to present expert testimony concerning the testing of some of the plaintiffs' hair for drugs. Defendants named an expert to counter this evidence. In late October 2005, the Court excluded plaintiffs' expert witness on a Daubert motion. The invoice to which plaintiffs object is dated October 6, 2004. The Court finds these copies were necessarily obtained for use in the case even though defendants did not present expert testimony at trial, as defendants could not have anticipated in October 2004 that plaintiffs' expert would be excluded. Defendants were required to prepare their defense of the case.

3

**3. Fees for Unpaid Invoices**.

Plaintiffs object to several invoices on the basis that there is no indication they have been paid. Plaintiffs cite no legal authority in support of the proposition that an item of cost must have been paid before a party may seek an award of costs for it. The Court in independent research has found no such requirement. This objection will be overruled.

**4. Fees of the Court Reporter**.

Plaintiffs object to a claimed deposition expense in the amount of $1,095.75 on the basis that it cannot be determined from the invoice or the bill of costs who was deposed, and to the expense for the deposition of defendant Sharon Goodman. As previously noted, defendants did not respond to plaintiffs' objection.

The Court has broad discretion to tax costs of depositions which are reasonably necessary to the case and which were not taken purely for investigative purposes. Smith v. Tenet Healthsystem SL, Inc., No. 05-1173, 2006 WL 250252, __ F.3d __ (8th Cir. Feb. 3, 2006); Zotos v. Lindbergh Sch. Dist., 121 F.3d 356, 363 (8th Cir. 1997). Absent specific objections that depositions were improperly taken, "deposition costs will be taxed as having been necessarily obtained for use in the case within the meaning of 28 U.S.C. § 1920." Meder v. Everest & Jennings, Inc., 553 F. Supp. 149, 150 (E.D. Mo. 1982) (internal quotations and citation omitted).

Because the invoice for $1,095.75 does not include the name of the person or persons deposed, the Court cannot determine if the deposition or depositions "reasonably seemed necessary at the time they were taken." See Morrissey v. County Tower Corp., 568 F. Supp. 980, 982 (E.D. Mo.), aff'd on other grounds, 717 F.2d 1227 (8th Cir. 1983). Consequently, the Court will disallow this item of cost.

Plaintiffs also object that the deposition of Sharon Goodman was not necessarily obtained for use in the case. The Court disagrees. Goodman was a defendant in this case and plaintiffs sought the Court's intervention to enable them to take her deposition out of time. See Doc. 61. The Court ordered that Goodman's telephone deposition be taken by June 6, 2005. See Memorandum and Order of May 6, 2005 [Doc. 65]. Goodman was listed as a "may call" witness at trial by both plaintiffs and defendants, and therefore her deposition was necessarily obtained for use in the case. See Manildra Milling Corp. v. Ogilvie Mills, Inc., 76 F.3d 1178, 1184 (Fed. Cir. 1996) (depositions were necessarily obtained for use in the case where the deponents were potential trial witnesses). This objection will be overruled.

**Conclusion**.

For the foregoing reasons, the Court will disallow photocopy costs in the amount of $46.40 and deposition costs in the amount of $1,095.75. The Clerk of the Court will be ordered to tax the following costs in favor of the defendants:

| | |
|---|---:|
| Court Reporter Fees: | $ 256.37 |
| Printing Expenses | 855.24 |
| Exemplification Expense | 930.92 |
| Total Taxable Costs | $2,042.53 |

Accordingly,

**IT IS HEREBY ORDERED** that defendants' motion for bill of costs is **GRANTED** to the extent set forth herein. [Doc. 125]

**IT IS FURTHER ORDERED** that the Clerk of the Court shall tax costs of this matter in favor of defendants in the amount of Two Thousand Forty-Two Dollars and Fifty-Three Cents ($2,042.53).

                                                        *[signature]*
                                                       **CHARLES A. SHAW**
                                                       **UNITED STATES DISTRICT JUDGE**

Dated this  2nd  day of March, 2006.